JACOBSON v. CHICAGO, R. I. & P. RY. CO. et al.

(Circuit Court, D. Minnesota. March 1, 1910.)

1. REMOVAL OF CAUSES (§ 61*)—DIVERSITY OF CITIZENSHIP—SEPARABLE CONTROVERSIES—ALLEGATIONS IN PLEADING.

Where the complaint states in good faith that a cause of action against a resident and nonresident of the state is joint, it cannot be removed to a federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 115; Dec. Dig. § 61.*

Separate controversy as ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

2. REMOVAL OF CAUSES (§ 36*)—DIVERSITY OF CITIZENSHIP—IMPROPER JOINDER—GOOD FAITH.

That a resident employé is joined with a nonresident corporation to keep the cause of action out of the federal courts is not conclusive on the question of plaintiff's good faith as affecting the right of removal.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. § 36.*

Fraudulent joinder of parties to prevent removal to federal court, see note to Offner v. Chicago & E. R. Co., 78 C. C. A. 362.]

3. REMOVAL OF CAUSES (§ 47*)—DIVERSITY OF CITIZENSHIP—IMPROPER JOINDER—GOOD FAITH.

The question of fraud or good faith as affecting the right to remove a cause to the federal court is not presented by the plaintiff's claim that the liability of the master and servant is joint, but would arise where defendant denies the truth of the facts stated in the complaint, and so conclusively establishes that the relation of master and servant did not exist, or that the claim of the plaintiff was for other reasons false in fact, that the complaint could not have been presented in good faith.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. § 47.*]

4. REMOVAL OF CAUSES (§ 36*)—DIVERSITY OF CITIZENSHIP—IMPROPER JOINDER—GOOD FAITH.

In an action against a railroad company for injuries to plaintiff by the giving way of the floor of a platform at a coal dock at a small station, plaintiff's claim that it was the duty of the station agent to inspect and repair the platform, so as to render him jointly liable with the railroad company, cannot be said to be in bad faith, so as to authorize the removal of the case to the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. § 36.*]

5. REMOVAL OF CAUSES (§ 36*)—DIVERSITY OF CITIZENSHIP—IMPROPER JOINDER—GOOD FAITH.

The question whether a station agent's nonfeasance in failing to inspect a platform on which plaintiff was working rendered him liable to the plaintiff for plaintiff's injuries is such a doubtful one that a claim of joint liability of the railroad company and agent cannot be said to be made in bad faith, so as to authorize the removal of the cause to the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. § 36.*]

Action by Henry P. Jacobson against the Chicago, Rock Island & Pacific Railway Company and another. On motion to remand case to state court. Granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

J. M. Lynch and O. H. O'Neill, for plaintiff.
Stringer & Seymour, for defendants.

WILLARD, District Judge.   Prior to the case of Alabama Great Southern Railway Company v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, or at least prior to the case of Chesapeake & Ohio Ry. Co. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121, the Circuit Courts, when considering motions to remand to the state courts, had been in the habit of deciding for themselves whether the negligent act of the servant in which the master personally took no part created a joint liability or a separate one.   The decisions upon this point were not uniform.   It was said in the Dixon Case that "the question was a somewhat nice one"; in the Thompson Case it was said that "there was much conflict in the authorities."   These cases, and particularly the Thompson Case, put an end to the practice above referred to, and decided that it was not for the Circuit Court, but for the plaintiff, to say whether the liability was a joint or a several one. If the plaintiff stated in his complaint that it was joint, the case could not be removed to the federal court, although he was wrong in his view of the law.   The question whether he was right or wrong was one which he was entitled to have tried in the state court.

There was one condition, however, imposed upon him, and that was that he should act in good faith.   It is probably true that in these cases the employés are always joined for the purpose of keeping the actions out of the federal courts.   That, however, is not conclusive upon the question of good faith.   Illinois Central Railroad Company v. Sheegog, 215 U. S. 308, 30 Sup. Ct. 101.[1]   If such employés are not fraudulently joined, the case cannot be remanded.   In view of the conflict in the authorities, it cannot be said that a plaintiff who claims that the liability of the master and the servant is joint does not present such a claim in good faith.   The question of fraud cannot arise upon such a claim only.   That question would arise where the defendant denies the truth of the facts stated in the complaint, and so conclusively establishes by the evidence that the relation of master and servant did not exist, or that the claim of the plaintiff was for other reasons false in fact, that the court is forced to the conclusion that the complaint against the employés could not have been presented in good faith.   Such were the cases (cited by the defendant) of Wecker v. National Enameling Company, 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430, McGuire v. G. N. Ry. Co. (C. C.) 153 Fed. 434, 439, and Prince v. Illinois Central R. R. Co. (C. C.) 98 Fed. 1, 2.

This is an action brought by the plaintiff to recover damages for personal injuries suffered by him while in the employ of the defendant railroad company as a coal shoveler at its station of Inver Grove, Minn.   It appears from the evidence presented upon this motion that Inver Grove is a very small station on defendant's line, that the defendant Hutton was the station agent and yardmaster at that place, and there is nothing to indicate that there was any other person in the employ of the defendant company at that station who was superior to Hutton.   He employed the plaintiff, directed him where to work, and delivered to him checks for his pay from month to month.

[1] 54 L. Ed. —.

While working as a coal shoveler upon the platform of the so-called coal dock, plaintiff was injured, as he alleges, by the giving way of the floor of the platform. He says that the defendant Hutton instructed him to work there, and that it was the duty of Hutton to inspect the platform and keep it in repair. In his affidavit presented upon the hearing of this motion the plaintiff stated that Hutton was the only one in authority there, that Hutton supplied the plaintiff with everything he required, and that he never received anything from any one except Hutton. He also stated that he had reported at one time to Hutton that the crane was out of repair, and that Hutton caused it to be repaired; that at another time plaintiff reported that the platform was out of repair, and that Hutton examined it and caused it to be repaired; and that no one but Hutton ever made any inspection there.

Hutton in his affidavit denied that the duty of making an inspection of this platform was imposed upon him. He admitted that the plaintiff had at one time reported it as being out of repair, and that he had given notice to the bridge and engineer department, and that they had repaired it. He said that it was his practice, when he noticed anything out of repair in connection with the yard or the station, to report it to the proper officials, but that it was not his duty so to do.

The evidence upon this question as to whether it was or was not the duty of Hutton to inspect this platform does not make so clear a case in favor of the defendants as to indicate that the presentation by the plaintiff of a claim that it was his duty is so unfounded as to be proof of bad faith. It would in fact seem strange if the chief employé in charge of the station was not affirmatively bound by his contract of employment to exercise a general supervision over the station grounds and the appliances used therein, and to report when they were out of repair. The evidence presented by the defendants to the effect that this coal dock and platform were under the charge of the bridge and engineer department and the fuel department is not sufficient to show that the defendant Hutton had no duty in connection with their inspection. The most that can be said in favor of the defendants is that upon the evidence presented it is doubtful whether by the terms of his employment he was or was not charged with the duty of inspecting the platform. That question the plaintiff has a right to have decided in the state court.

But it is said by the defendants that, even if the defendant Hutton was charged with the duty of inspecting this platform, the complainant states no cause of action against him, for it alleges only a duty imposed upon him in favor of his employer, the railroad company, and for a breach of that duty by a failure to inspect no cause of action arises in favor of the plaintiff. In other words, for nonfeasance an action lies only in favor of the master, and not in favor of a third person; the theory being that an employé in such cases owes no duty to such third person. This contention presents a question of law, and it must be determined where that question should be decided. Which court has the right to say whether the complaint states a cause of action or not?

The case of Alabama Southern Ry. Co. v. Thompson was decided on the principle that the cause of action was what the plaintiff in good faith said it was. If that is true when the question is whether the liability is joint or several, it must be true also when the question is whether the facts alleged show any liability at all on the part of the defendant employé. If the plaintiff in good faith says that they do, the case cannot be removed. So upon this branch of the case, as upon the other, the point to be determined is whether the plaintiff has acted in good faith in asserting that Hutton is liable to him for failure to inspect. An examination of the authorities will show that this is a doubtful question. See the cases cited in the note to Mayer v. Thompson-Hutchison Building Company, from Alabama, reported in 28 L. R. A. 435.

A plaintiff, who claims that under such circumstances as appear in this case mere nonfeasance creates a liability in his favor, cannot be said to make such claim in bad faith, even though the court should be of the opinion that the complaint would be held bad on a demurrer presented by the employé. In the Alabama Southern Railway Company Case the court said on page 215 of 200 U. S., on page 163 of 26 Sup. Ct. (50 L. Ed. 441):

"And while the Powers Case [169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673] was decided on the ground of the right to remove after the local defendants had been dismissed from the action by the plaintiff, it is patent from the language just quoted from the opinion that, conceding the misjoinder of causes of action appeared on the face of the petition, that fact was not decisive of the right of the nonresident defendant to remove the action to the federal court."

The motion to remand is granted.