**BOYLE v. CHICAGO, R. I. & P. RY. CO.***
No. 8831.

Circuit Court of Appeals, Eighth Circuit.
June 26, 1930.

*Rehearing denied October 1, 1930.

634

O. C. Mosman, of Kansas City, Mo. (Mosman, Rogers & Buzard and Clay C. Rogers, all of Kansas City, Mo., on the brief), for appellant.

Hale Houts, of Kansas City, Mo. (Luther Burns, of Topeka, Kan., Henry S. Conrad and L. E. Durham, both of Kansas City, Mo., on the brief), for appellee.

Before STONE and VAN VALKENBURGH, Circuit Judges, and SCOTT, District Judge.

STONE, Circuit Judge.

Appellant filed a suit in the state court alleging personal injury occurring while he was an employee in performance of his duties in interstate commerce. On the ground of diversity of citizenship, defendant filed its petition for removal charging that the allegation as to employment in interstate commerce was falsely and fraudulently made for the purpose of defeating the jurisdiction of the federal court, and it made allegations concerning the actual employment of plaintiff at the time of the accident. A motion to remand was denied, and, the plaintiff refusing to plead further, the action was dismissed for failure to prosecute, at plaintiff's cost. From that judgment this appeal is brought.

The issues here involve the right of removal, and, while argued under different headings, may be resolved into two propositions.

I. The first of these propositions is that plaintiff is either within the Missouri Compensation Law (Laws 1927, p. 490) or the Federal act; that if he is within the former, his remedy is before the Missouri State Commission and not before any court, state or federal. Therefore, the federal court could not have had jurisdiction of the case had it been originally brought there, and, as no case can be removed unless the federal court might have had original jurisdiction, the federal court cannot possibly pass upon this matter by a motion to remand and, thus, retain a jurisdiction which it could not have originally.

▪▪ The statutes (28 USCA § 71; 45 USCA § 56), expressly deny the right to remove cases brought under the Federal Employers' Liability Act (45 USCA §§ 51–59). Whether a case is brought under that act depends upon and is governed by the allegations of the petition (Great Northern Ry. Co. v. Alexander, 246 U. S. 276, 38 S. Ct. 237, 62 L. Ed. 713), unless such allegations as to injury in interstate commerce are falsely and fraudulently made for the purpose of defeating removal. Farmers' Bank & Trust Co. v. A., T. & S. F. Ry. Co., 25 F.(2d) 23, this court. If such fraud be established, the case is removable and the issue of fact must—for jurisdictional purposes—be determined by the federal court even though it affect the merits of the action. Farmers' Bank & Trust Co. Case, supra, page 27 of 25 F.(2d). Therefore, generally speaking, the federal court has a right and a duty to determine the issue of fraudulent statement where such is presented, and, if that statement is properly sustained, its jurisdiction attaches.

▪▪ In the first instance, the jurisdiction of a court is to be determined by the allegations of the petition. If the present petition (with allegations as to interstate commerce omitted) had been filed in the federal court, it would, undoubtedly, have had jurisdiction thereof unless defendant had been able, in some subsequent pleading, to convince the court that no jurisdiction attached. In short, the face of such a petition would be sufficient to invoke the jurisdiction of the federal court. This situation is in no wise changed where the case comes to the federal court through removal upon the ground of fraudulent statement, because the determination of the court (in connection with deciding its jurisdiction) that the case was not within the federal act left the petition as though that allegation were not in it and as though the action were one for a common-law liability outside of the federal act. If there existed reasons why that common-law liability had been withdrawn by state legislation, that must be made to appear to the court by answer or other appropriate pleading of the defendant. Therefore, the court could not, on the motion to remand, determine matters which might be raised in later pleadings. Therefore, this contention of plaintiff is not well taken.

▪▪ In this connection, the trial court was in error in his opinion in stating that in the trial in the federal court the question of whether the injury occurred in interstate commerce was still in the case and for the jury. The court cannot sustain its jurisdiction on the sole ground that a fact does not exist, and, thereafter, permit a jury (pos-

⠀

sibly) to find that such fact does exist. Such a view would result in the anomalous situation of a recovery in a court which had no jurisdiction of the cause. It sometimes happens that a matter of fact, vital to the merits, must be decided by the court in determining its jurisdiction. Farmers' Bank & Trust Co. Case, supra, page 27 of 25 F.(2d). Where such a matter of fact is so decided, it is determined for all purposes of the case in that court.

The rights of the plaintiff are protected by the rule that the burden of proving the fraudulent allegations is on defendant, and, by the corollary thereto, that all situations of doubt are to be resolved in favor of the plaintiff. C. & O. Ry. Co. v. Cockrell, 232 U. S. 146, 152, 34 S. Ct. 278, 58 L. Ed. 544; Farmers' Bank & Trust Co., supra, at page 28 of 25 F.(2d).

II. The second contention of plaintiff is that defendant has not sustained the burden of establishing that the allegation of interstate employment was false and fraudulent. The facts make it very clear that, if the statement is false, it was also fraudulent; therefore, our only concern is whether the statement by the plaintiff in the petition is false. This is to be determined not by his bare statement in the petition that the injury occurred while he was employed in interstate commerce, but it is to be tested by his statement of the facts as to how the injury occurred and the facts stated in the removal petition upon the same matter.

The burden of proof is upon the defendant to clearly establish the facts as alleged in its petition for removal.

The injury was caused by falling from a raised platform at the power house of defendant. This platform was used in connection with unloading cars of coal into the coal bins at that plant. There is no dispute that plaintiff was employed as a laborer in connection with the power plant. This plant furnished power to the repair shop and roundhouse and lights to passenger cars in service. In the repair shop, engines were given extended repairs and freight cars were repaired and rebuilt—both engines and cars were withdrawn from service during such time. In the roundhouse, engines were given repairs not requiring withdrawal from service and were "serviced" for running purposes.

Defendant contends that the plaintiff was engaged in unloading coal at and for the use of the power house and while on his way to get a drink of water met with this injury. Plaintiff contends that he had been ordered to look after the coal and water in engines then in interstate service and was on his way to obey that order when he fell. The mere fact that plaintiff was going for a drink would not remove him from the service he was then engaged in, and, if unloading the coal was sufficiently closely connected with interstate commerce, the federal act would govern (Erie Railroad Co. v. Szary, 253 U. S. 86, 40 S. Ct. 454, 64 L. Ed. 794), but it seems settled that the unloading of this coal would not come within the act (C. B. & Q. R. Co. v. Harrington, 241 U. S. 177, 36 S. Ct. 517, 60 L. Ed. 941). Also, it cannot be doubted that one going from one place of employment to another for the purpose of attending to the water or coal in engines then in interstate commerce is within the act. Erie Railroad Co. v. Collins, 253 U. S. 77, 40 S. Ct. 450, 64 L. Ed. 790; for state decisions, see 45 USCA § 51, pp. 144–147. Therefore, the decision here must turn on a question of fact as to whether plaintiff was going for a drink of water from his work of unloading coal at the power plant or was on his way to look after the coaling and water of engines in interstate service.

This evidence was sharply in conflict. Four witnesses testified to statements made by plaintiff to each of them separately that he was going for a drink of water. Three of these witnesses obtained signed statements from plaintiff to that effect, which were introduced. There was no dispute as to the signature of plaintiff thereto. Each of these statements was written by the witness. Plaintiff denies having said any such thing to these witnesses. A woman, who signed one of the statements as a witness, says plaintiff did not say any such thing to that witness. Plaintiff claims not to have read the written statements before signing.

Plaintiff testifies his foreman (McCracken) gave him the order to tend the engines. Another witness says he heard the order given. The foreman says he never gave such an order and did not see the plaintiff that night until after the accident.

Evidence as to acceptance of benefits under the state act seems negligible, as it is not shown that plaintiff understood his rights in that respect, and the evidence is that as soon as he did so understand he refused further payments thereunder.

The situation is one mainly depending upon the credibility of witnesses. In this situation, the defendant has failed to sustain

636

the burden of clear proof, and for that reason the case should be reversed, with directions to remand the case to the state court.