## BEAUDIN v. CHICAGO, M., ST. P. & P. R. CO. et al.

District Court, D. Minnesota, First Division.

Oct. 8, 1931.

Samuel A. Anderson, of St. Paul, Minn., and Walter R. Nelson, of Minneapolis, Minn., for plaintiff.

F. W. Root, C. O. Newcomb, and A. C. Erdall, all of Minneapolis, Minn., for defendant Railroad Co.

SANBORN, District Judge.

It is claimed by the defendant railroad company, which is a Wisconsin corporation, that the resident defendant, J. Curtis, was fraudulently joined as a party defendant to deprive this court of jurisdiction, and that, for that reason, the motion to remand should be denied.

This action is one to recover for personal injuries. While the language used is not clear, the plaintiff's claim is apparently this: That he and Curtis were employees of the defendant railroad and were engaged in unloading ties from a car, Curtis being the foreman; that he was told by Curtis to leave two tiers of ties next to the side-wall of the car, and to remove the ties adjacent to these two tiers; that he followed instructions until the portion of the pile remaining next to the two tiers was lowered three feet; that he was then told by Curtis to take ties from the top of the two tiers, and he proceeded to do so, standing upon the adjacent ties; that, while he (the plaintiff) was in this position, Curtis attempted to pull a tie out from the

bottom of the pile, with the result that certain ties in the two tiers, near the top of the partially removed pile upon which he (the plaintiff) was standing, slipped out of their position upon one of his feet; and he alleges "that at said time and place defendants negligently adopted and used a dangerous way of doing said work in that they left said two tiers of ties with full knowledge that they were liable, or some of them, to slip out from their positions and cause injury to plaintiff while engaged in his work, negligently undertook to remove said other tie as above alleged while plaintiff was so engaged, negligently failed to keep or maintain the place in which plaintiff was required to work in a reasonably safe and proper condition, negligently failed to warn or notify plaintiff of the dangers above referred to, negligently required plaintiff to work in a dangerous and improper place, and negligently caused said two tiers of ties to be left in place of removing the tiers clear across uniformly, and that said accident and injuries were caused solely for the reasons aforesaid."

It seems clear that the only negligence sufficiently charged is that Curtis directed that the work be performed in an unsafe manner, attempted to remove a tie from the bottom of the pile, increasing the danger to the plaintiff, and by his alleged acts and omissions created conditions under which it was unsafe for the plaintiff to work. Upon a trial, unless the plaintiff can prove what he alleges with respect to the acts or omissions of Curtis, he cannot recover against the defendant railroad.

The complaint states a joint cause of action, but the defendant railroad claims that the allegations of the complaint are false, and that the accident did not happen as alleged by the plaintiff, and presents affidavits indicating the falsity of the plaintiff's claim. The plaintiff, on the other hand, verifies the allegations of his complaint, although he states that he did not see the defendant Curtis actually remove, or attempt to remove, a tie while he (the plaintiff) was on top of the pile. He does produce an affidavit of another section man indicating that Curtis did attempt to remove a tie as claimed by the plaintiff, but the defendant produces an affidavit of the same section man, sworn to subsequently, which is to the effect that he did not understand the meaning of his former affidavit and that the accident did not happen as claimed by the plaintiff.

The questions raised by the motion to remand can be determined in accordance with the principles stated in the case of Davis v. Standard Oil Co. of Indiana (C. C. A.) 47 F.(2d) 48, which is in most respects analogous. In that case there was an allegation of negligent failure to furnish a safe place in which to work, and allegations of a negligent order of a foreman to the plaintiff to make use of an unsafe scaffold and runway. The nonresident defendant there, as here, claimed that the allegations with reference to the resident defendant were false, and were known to be false, at the time they were made, and were made for the purpose of preventing the removal of the case. The court pointed out that the evidence as to the falsity of the allegations was conflicting, and said [page 52 of 47 F.(2d)]: "In the case at bar, the question whether Street negligently ordered plaintiff to use an unsafe instrumentality in his work is to be answered by determining the credibility of witnesses, and by determining whether the order which Street gave the plaintiff was a negligent order. Both of these matters are for a jury to consider and determine. In other words, the defendant Standard Oil Company has failed to sustain the burden of clear proof that plaintiff knowingly made false allegations in his complaint."

In determining the question as to whether a case which has been removed to this court on the ground of a fraudulent joinder of a resident defendant shall be remanded, the court is not required to determine the merits of the controversy. If a joint cause of action is stated in the complaint, the court is only required to determine whether the allegations of the complaint are so baseless, colorable, and false that the assertion thereof constitutes a fraud on the jurisdiction of the federal court. Farmers' Bank & Trust Co. v. A., T. & S. F. Ry. Co. (C. C. A.) 25 F.(2d) 23; Boyle v. Chicago, R. I. & P. Ry. Co. (C. C. A.) 42 F.(2d) 633; Davis v. Standard Oil Co. of Indiana, supra.

While the affidavits presented by the defendant railroad company here are strongly persuasive of the fact that the allegations of the complaint are false, the affidavits furnished by the plaintiff show that there is a conflict in the evidence, which, in all probability, the plaintiff is entitled to have decided by a jury. Therefore it cannot be said that the allegations of the plaintiff's complaint with respect to Curtis are so baseless, colorable, and false that they constitute a fraud upon the jurisdiction of this court, particularly in view of the fact that, if the plaintiff fails to make out a case against Curtis, he

must also fail to make out a case against the railroad company.

The motion to remand is granted.