**MORRIS v. E. I. DU PONT DE NEMOURS & CO. et al.**

**No. 9639.**

Circuit Court of Appeals, Eighth Circuit.

Feb. 1, 1934.

Francis R. Stout, of St. Louis, Mo. (Karl P. Spencer, of St. Louis, Mo., on the brief), for appellant.

Sears Lehmann and Frank Y. Gladney, both of St. Louis, Mo. (Jones, Hocker, Sullivan, Gladney & Reeder and Lehmann & Lehmann, all of St. Louis, Mo., on the brief), for appellees.

Before STONE, SANBORN, and VAN VALKENBURGH, Circuit Judges.

SANBORN, Circuit Judge.

This appeal is from a judgment dismissing, for want of prosecution, an action at law brought by the appellant against the appellees in the circuit court of the city of St. Louis, Mo., from which it was removed by the nonresident corporate defendant on the grounds of diversity of citizenship, a separable controversy, and the fraudulent joinder of the resident defendant Raithel. The plaintiff moved to remand the case, denying the existence of a separable controversy and a fraudulent joinder. The court below denied the motion to remand. It also denied a motion of Raithel to dismiss as to him. The plaintiff assigns the denial of his motion to remand as error.

Reduced to its lowest terms, the plaintiff's petition charges that he lost his eyesight as the result of a premature explosion of dynamite which was manufactured and sold by the defendant Du Pont Company, the employer of Raithel, the resident defendant; that the explosion was due to the fact that in the process of the manufacture of the dynamite the nitroglycerin, which was its active element, was improperly mixed with the inert material, and that the resulting product was more temperamental than it should have been; that the Du Pont Company was negligent in its manufacture and sale; and that Raithel had improperly mixed the dynamite and was also guilty of negligence in its manufacture and sale. The plaintiff asks for a joint judgment upon his charge of joint negligence.

The defendant Du Pont Company contends that the petition states no cause of action against Raithel, but that, if it does, the allegations of the petition as to him are false and fraudulent because this is the fourth suit which the plaintiff has brought upon the same cause of action; that three former suits, in two of which the defendant Raithel was not joined, were removed to the federal court by the Du Pont Company and were dismissed upon the plaintiff's own motion; that all that the plaintiff knows about Raithel is what he learned from a deposition taken in one of the former actions, in which deposition Raithel disclosed that he was the employee of the Du Pont Company who mixed the dynamite; that he did not disclose that he had anything else to do with the manufacture of the dynamite or with its sale or that he was in any way negligent or was not carrying out his master's instructions in mixing the dynamite as he did.

■ A civil case presenting a controversy between citizens of different states and involving the requisite jurisdictional amount may be removed from a state court into the District Court of the United States by a nonresident defendant, and the right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy. Wecker v. National Enameling & Stamping Co., 204 U. S. 176, 185, 186, 27 S. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757; Wilson v. Republic Iron & Steel Co., 257 U. S. 92, 97, 42 S. Ct. 35, 66 L. Ed. 144. If in such a case a resident defendant is joined, the joinder, although fair upon its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal, but the showing must consist of a statement of facts leading to that conclusion apart from the pleader's deductions. Chesapeake & Ohio R. Co. v. Cockrell, 232 U. S. 146, 152, 34 S. Ct. 278, 58 L. Ed. 544; Wecker v. National Enameling & Stamping Co., supra, 204 U. S. 176, 182, 183, 185, 27 S. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757; Wilson v. Republic Iron & Steel Co., supra, 257 U. S. 92, 97, 42 S. Ct. 35, 66 L. Ed. 144. The statements in the petition must be accepted as true by the state court. Illinois Central R. Co. v. Sheegog, 215 U. S. 308, 316, 30 S. Ct. 101, 54 L. Ed. 208.

■ If removal is effected, the plaintiff may, by a motion to remand, plea, or answer, take issue with the statements in the petition. If he does, the issues so arising must be heard and determined by the Federal District Court. Stone v. South Carolina, 117 U. S. 430, 432, 6 S. Ct. 799, 29 L. Ed. 962; Chicago, R. I. &

P. R. Co. v. Dowell, 229 U. S. 102, 113, 33 S. Ct. 684, 57 L. Ed. 1090; Chesapeake & Ohio R. Co. v. Cockrell, supra, 232 U. S. 146, 154, 34 S. Ct. 278, 58 L. Ed. 544; Wilson v. Republic Iron & Steel Co., supra, 257 U. S. 92, 97, 42 S. Ct. 35, 66 L. Ed. 144.

■ At the hearing the removing defendant must take and carry the burden of proof. Carson v. Dunham, 121 U. S. 421, 425, 426, 7 S. Ct. 1030, 30 L. Ed. 992; Boyle v. Chicago, R. I. & P. R. Co. (C. C. A. 8) 42 F.(2d) 633, 635; Davis v. Standard Oil Co. of Indiana (C. C. A. 8) 47 F.(2d) 48, 52.

■ The plaintiff's failure to take issue with what is stated in the petition for removal is equivalent to admitting the truth of the facts therein stated, and relieves the defendant from the necessity of producing proof. Kentucky v. Powers, 201 U. S. 1, 33, 34, 26 S. Ct. 387, 50 L. Ed. 633, 5 Ann. Cas. 692; Wilson v. Republic Iron & Steel Co., supra, 257 U. S. 92, 97, 98, 42 S. Ct. 35, 66 L. Ed. 144.

■■ In determining removability the case must be deemed to be such as the plaintiff has in good faith made it in his petition, and if the record discloses an assertion of a joint cause of action, the action is not removable unless the claim of joint liability is shown to be a sham or fraudulent device to prevent removal. Alabama Great Southern R. Co. v. Thompson, 200 U. S. 206, 218, 26 S. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; Chicago, R. I. & P. R. Co. v. Schwyhart, 227 U. S. 184, 193, 194, 33 S. Ct. 250, 57 L. Ed. 473; Breymann v. Pennsylvania, O. & D. R. Co. (C. C. A. 6) 38 F.(2d) 209, 210.

■ The court is not required to "consider more than whether there was a real intention to get a joint judgment, and whether there was a colorable ground for it shown as the record stood when the removal was denied." It is not to decide whether a flaw could be picked in the declaration on special demurrer. Chicago, R. I. & P. R. Co. v. Schwyhart, supra, 227 U. S. 184, 194, 33 S. Ct. 250, 57 L. Ed. 473.

■ Even though the plaintiff has misconceived his cause of action and has no right to maintain it against the defendants jointly, that does not change an alleged joint cause of action into a separable controversy for the purpose of removal. The law looks to the case made in the pleadings and determines whether the state court shall be required to surrender its jurisdiction to the federal court. Alabama Great Southern R. Co. v. Thompson, supra, 200 U. S. 206, 218, 219, 26 S. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; Chica-

go, B. & Q. R. Co. v. Willard, 220 U. S. 413, 426, 427, 31 S. Ct. 460, 55 L. Ed. 521.

Whether liability is joint or several is to be determined by the law of the state where the action is brought. Kelly v. Robinson et al. (D. C.) 262 F. 695, 697; Davis v. Standard Oil Co. of Indiana, supra (C. C. A.) 47 F.(2d) 48, 50; Watson v. Chevrolet Motor Company et al. (C. C. A. 8) 68 F.(2d) 686, opinion filed January 22, 1934.

Where there is a prima facie joint liability, proof that the resident and nonresident tort-feasors are joined for the purpose of preventing removal will not justify removal from a state court. Illinois Central R. Co. v. Sheegog, supra, 215 U. S. 308, 316, 30 S. Ct. 101, 54 L. Ed. 208; Chicago, B. & Q. R. Co. v. Willard, supra, 220 U. S. 413, 427, 31 S. Ct. 460, 55 L. Ed. 521; Chicago, R. I. & Pac. R. Co. v. Schwyhart, supra, 227 U. S. 184, 193, 33 S. Ct. 250, 57 L. Ed. 473; Mecom v. Fitzsimmons Drilling Co., 284 U. S. 183, 189, 52 S. Ct. 84, 76 L. Ed. 233; Jacobson v. Chicago, R. I. & Pac. R. Co. (C. C.) 176 F. 1004, 1005.

The federal courts will, however, take such action as will defeat attempts wrongfully to deprive parties entitled to sue in those courts of the protection of their rights in those tribunals. Alabama Great Southern R. Co. v. Thompson, supra, 200 U. S. 206, 218, 26 S. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; Wecker v. National Enameling & Stamping Co., supra, 204 U. S. 176, 182, 183, 185, 27 S. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757.

If there is no basis for the assertion of liability as against the resident defendant, a conclusion that he was joined fraudulently is justified. Wecker v. National Enameling & Stamping Co., supra, 204 U. S. 176, 185, 27 S. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757.

Much of what has thus far been said in this opinion is almost literally the language of the Supreme Court in the cases referred to. The general statement that a case must be deemed to be such as the plaintiff has in good faith made it in his petition, and that if stated to be joint it cannot be removed unless the resident defendant is joined fraudulently or in bad faith, leaves something to be desired by those who are faced with the practical application of the rule.

We have reached the following conclusions:

To bring suit against resident and nonresident defendants jointly is not a fraud upon the jurisdiction of the federal court if some reasonable basis exists for believing that there is a joint liability. The joinder of such defendants is fraudulent if it is clear that, under the law of the state in which the action is brought, the facts asserted by the plaintiff as the basis for the liability of the resident defendant could not possibly create a liability against him or against him and his codefendant jointly, so that the assertion of a joint cause of action is, as a matter of local law, plainly sham and frivolous. Such joinder is also fraudulent if the facts asserted with respect to the resident defendant are shown to be so clearly false as to demonstrate that no factual basis exists for any honest belief on the part of the plaintiff that there is a joint liability.

If there is doubt as to whether, under the state laws, a case of joint liability is stated, or if there is doubt whether the allegations with respect to the resident defendant are false, as when that question depends upon the credibility of witnesses and the weight of the evidence, the joinder is not fraudulent. Boyle v. Chicago, R. I. & Pac. R. Co., supra (C. C. A.) 42 F.(2d) 633, 635; Davis v. Standard Oil Company of Indiana, supra (C. C. A.) 47 F.(2d) 48, 52.

Where joint liability is predicated upon the responsibility of a master for the negligence of a servant, and a joint judgment is sought against both, the case is not ordinarily removable on the ground that the servant was fraudulently joined to prevent the master from removing the case to the federal court. Jacobson v. Chicago, R. I. & P. R. Co. (D. C.) 176 F. 1004, 1005.

It is removable if the master proves that the relation of master and servant did not in fact exist or that the facts asserted as the basis of the servant's liability are otherwise false in particulars which destroy that basis, or that the negligence is of a kind for which, under the local law, the servant clearly cannot be held responsible. See Davis v. Standard Oil Co. of Indiana, supra (C. C. A.) 47 F.(2d) 48, 50.

Where the concurrent negligence of a nonresident and a resident defendant is the basis of the assertion of joint liability, the case ordinarily is not removable. Nelson v. Arcade Investment Co. (D. C.) 30 F.(2d) 695; Watson v. Chevrolet Motor Company et al., supra (C. C. A.) 68 F.(2d) 686. It is removable if the facts asserted as the basis of the joint liability are false in essential particulars.

In its final analysis, the question to be determined on the issue of fraudulent joinder

is this: Does the claim of joint liability clearly constitute a mere fraudulent scheme or device to prevent the removal of a case which in truth involves only a separable controversy between citizens of different states and which the only real defendant has a right to remove to the federal court? Unless it does constitute such a scheme, the case is not removable.

The motives of the plaintiff in making his claim of joint liability are not important, because the motives of a party in bringing a lawsuit do not deprive the courts of jurisdiction to try it. On the issue of fraudulent joinder, any evidence properly tending to show that the real controversy is several, and not joint, that the resident defendant is a sham or fictitious defendant, and that the assertion of joint liability is mere scenery, is no doubt admissible; but in deciding the question of fraudulent joinder the court must keep in mind that the doubtful issues of law and fact in the case are to be tried in the court which has jurisdiction—those of law by the judge and those of fact ordinarily by a jury —and they are not to be determined in the removal proceeding.

The same care must be exercised in protecting the jurisdiction of the state court with respect to a case not subject to removal as is exercised in protecting the jurisdiction of the federal court with respect to one that is. Wecker v. National Enameling & Stamping Co., supra, 204 U. S. 176, 185, 186, 27 S. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757.

Applying these rules to the case at bar, we think it was not subject to removal. Raithel was concededly the servant of the nonresident defendant and it was he who mixed the accused dynamite during the process of its manufacture. The nonresident defendant, the Du Pont Company, was responsible for his acts. If the dynamite was improperly mixed, it was Raithel's fault. The question whether it was properly or improperly mixed may turn out to be the main issue of fact upon the trial. If, under the evidence, there is a substantial doubt about that question, it will be for a jury to determine.

No claim is made that, under the laws of Missouri, a master is not responsible for the negligent acts of his servant or that the master and servant cannot be sued jointly. It is claimed that the negligence of the Du Pont Company was in failing to give warning of the danger and that the negligence of Raithel was in failing to mix the dynamite properly; that the negligent acts were separate and distinct and created separate and distinct liabilities. Assuming that the acts of negligence were different, it seems impossible to avoid the conclusion that the negligent failure to mix properly concurred with the negligent failure to warn in causing the result complained of. In Missouri a recovery may be had from one or both of the tort-feasors whose negligence concurred in and contributed to the injury. Miller v. United Railways Co., 155 Mo. App. 528, 134 S. W. 1045; Watson v. Chevrolet Motor Company et al., supra (C. C. A.) 68 F. (2d) 686.

Whether the negligent act of Raithel was one for which the Du Pont Company was responsible, or whether his negligence concurred with the negligence of the Du Pont Company in causing the injury, it is not necessary to decide, since in either event the bringing of a joint action was justified.

Missouri recognizes the liability of a manufacturer who sells dangerous articles which are defective and which cause injury to those into whose hands they come, and an action to enforce such liability is, under the Missouri law, one arising in tort. Stolle v. Anheuser-Busch, Inc., 307 Mo. 520, 271 S. W. 497, 39 A. L. R. 1001; McLeod v. Linde Air Products Co., 318 Mo. 397, 1 S.W. (2d) 122.

In a recent case—Ellis v. Lindmark, 177 Minn. 390, 225 N. W. 395, 396—the Supreme Court of Minnesota held that a wholesaler and retailer of linseed oil, which was sold for cod-liver oil to a poultry raiser, were liable as joint tort-feasors, and in the course of its opinion said: "We have no difficulty in sustaining the finding of the jury that the drug company was negligent in sending raw linseed oil instead of the cod liver oil ordered. Some one connected with it and for whose act it was responsible was careless and blundered. The mere statement of the facts is sufficient to justify a finding of negligence"—which indicates that that court would have permitted the joinder of the negligent employee, his employer, and the retailer of the defective or mislabeled product.

We are unable to say from this record that the only real controversy in this case has been shown conclusively to be between the Du Pont Company and the plaintiff, or that Raithel is a mere sham defendant, or that the joining of Raithel was a fraudulent scheme or device to deprive the Du Pont Company of the right to remove a separable controversy to the federal court.

The judgment is reversed, with instructions to remand the case to the court whence it was removed.