## LEE v. FORD MOTOR CO. et al.

### ANAGNOST v. SAME.

### HAWN v. SAME.

### McCLURE v. SAME.

Nos. 693–696.

District Court, W. D. Missouri, W. D.
May 12, 1941.

John B. Moritz and Jerome Walsh, both of Kansas City, Mo., for plaintiffs.

Madden, Freeman & Madden, of Kansas City, Mo., for defendants.

REEVES, District Judge.

The above cases were removed from a state court upon the general theory of fraudulent joinder. Each of the petitions has been examined and appears to state a joint liability against the non-resident removing defendant and the resident defendants. ,

No question is raised but that a joint liability is averred under the laws of the State of Missouri. It is contended, however, that the resident defendants were fraudulently joined by false averments in order to prevent removal. The issue of fraudulent joinder was heard upon the oral evidence of some witnesses and the affidavits of others. This procedure was in accordance with the agreement or mutual understanding of the parties. The evidence was contradictory both as to the relationship of the resident defendants to the non-resident defendant as well as to the alleged acts of the resident defendants on the question of liability.

Upon the evidence two questions are presented: (a) Did the plaintiff in each case in good faith join the resident defendants with the non-resident defendant? (b) Is the evidence sufficient to compel the conclusion of fraudulent joinder?

1. It is the law that a plaintiff may join a resident with a non-resident defendant in good faith, even though the facts might subsequently show non-liability of the resident defendant or plaintiff's inability to recover as against such resident defendant. Good faith may be challenged, however, if the facts with respect to the relationship of the resident defendant are palpable and show conclusively non-liability.

In Lewis on Removal of Causes, Section 113, p. 260, loc. cit. 267, the law is aptly expressed: "It may reasonably be presumed, however, where defendants, manifestly not jointly liable, are nevertheless joined, that the act of joinder was not an act of good faith, but was done for some- ulterior purpose."

This was a quotation from the case of Rountree v. Mt. Hood R. Co., D.C., 228 F. 1010. Judge Wolverton, who wrote the opinion in the latter case, was prompted to use this language for the reason that, in Wecker v. National Enameling & Stamping Co., 204 U.S. 176, loc.cit. 182, 27 S.Ct. 184, 51 L.Ed. 430, 9 Ann.Cas. 757, the court had mentioned that the motive of the plaintiff, taken by itself, does not affect the right to remove.

The averments of the several petitions, together with the evidence, do not justify the conclusion that the plaintiffs in these cases acted in bad faith.

2. The second question is whether there was a reasonable basis for the plaintiffs to join the resident defendants in their several suits for damages. As a preliminary to a decision it should be recalled that federal courts must exercise the same care to protect the jurisdiction of the state courts as should be exercised in protecting the jurisdiction of the national courts. Morris v. E. I. Du Pont De Nemours & Co., 8 Cir., 68 F.2d 788, loc. cit. 793.

In these cases no questions of law are presented. The only questions urged are factual. The rule is that doubtful questions of fact must be tried in the court which has jurisdiction. "And [they] are not to be determined in the removal proceedings." Huffman v. Baldwin, 8 Cir., 82 F.2d 5, loc. cit. 7; Morris v. E. I. Du Pont De Nemours & Co., supra.

In Morris v. E. I. Du Pont, etc. [68 F.2d 792], the court said: " * * * if there is doubt whether the allegations with respect to the resident defendant are false, as when that question depends upon the credibility of witnesses and the weight of the evidence, the joinder is not fraudulent."

This ruling quite effectually overruled the contrary doctrine announced in Boatmen's Bank v. Fritzlen, 135 F. 650, by this circuit and followed by this district in Clark v. Chicago R. I. & P. R. Co., 194 F. 505, and placed the Eighth Circuit Court of Appeals in line with the other circuits.

The doctrine in Morris v. E. I. Du Pont De Nemours & Co., had been previously announced in Boyle v. Chicago, R. I. & P. R. Co., 42 F.2d 633, 635, where Judge Stone, speaking for the Eighth Circuit Court of Appeals, said: "The rights of the plaintiff are protected by the rule that the burden of proving the fraudulent allegations is on defendant, and, by the corollary thereto, that all situations of doubt are to be resolved in favor of the plaintiff."

In the case of Wecker v. National Enameling & Stamping Co., 204 U.S. 176, loc. cit. 184 and 185, 27 S.Ct. 184, 188, 51 L.Ed. 430, 9 Ann.Cas. 757, the Supreme Court considered a similar question on a case with kindred facts. In that case the issues

of fact were supported by affidavits. The court said:

"The consideration of these affidavits clearly shows that Wettengel's employment was not that of a superior or superintendent," etc.

"In view of this testimony and the apparent want of basis for the allegations of the petition as to Wettengel's relations to the plaintiff, and the uncontradicted evidence as to his real connection with the company, we think the court was right in reaching the conclusion that he was joined for the purpose of defeating the right of the corporation to remove the case to the Federal court.

"It is objected that there was no proof that Wecker knew of Wettengel's true relation to the defendant, and consequently he could not be guilty of fraud in joining him; but even in cases where the direct issue of fraud is involved, knowledge may be imputed where one wilfully closes his eyes to information within his reach."

██ It will be noted from this opinion that the fact of fraudulent joinder must not only be compelling under the averments of the removal petition but it must be compelling by the proof. The question must not be left in doubt. The case just cited uses such expressions as "clear" and "uncontradicted evidence", and it was upon such evidence that it based the rule.

In the case of Chesapeake & Ohio R. Co. v. Cockrell, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 44, the Supreme Court again reviewed the law with respect to removal. At local citation 153 of 232 U.S., at local citation 280 of 34 S.Ct. 84 L.Ed. 544, the court, in discussing the evidence on the subject of fraudulent joinder, said: "Plainly, this was not such a showing as to engender or compel the conclusion that the two employees were wrongfully brought into a controversy which did not concern them."

It is obvious that the language of the court only justifies a conclusion of fraudulent joinder where the evidence is of such nature "as to engender or compel the conclusion that the two employees were wrongfully brought into a controversy which did not concern them."

It appears from all of the authorities that this court should not retain jurisdiction where there is a substantial controversy on the factual issue as to the relationship of the resident defendants to the non-resident removing defendant. The fraudulent joinder must be clear, palpable and compelling, as the language of the courts on this subject may be summarized.

██ Upon the evidence this court would not be justified in holding that so hotly contested and so sharply disputed issue of fact is a fraudulent joinder. In view of what appears to be the uniform holdings of the courts these cases should be remanded to the state court from which removed. It will be so ordered.