Eusebio CHACON, Appellant,

v.

The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a corporation, Appellee.

No. 7259.

United States Court of Appeals Tenth Circuit.

Aug. 7, 1963.

Melvin L. Robins, Albuquerque, N. M. (Lorenzo A. Chavez, Joseph B. Zucht and Warren F. Reynolds, Albuquerque, N. M., were with him on the brief), for appellant.

J. T. Paulantis, Albuquerque, N. M. (B. G. Johnson, Albuquerque, N. M., was with him on the brief), for appellee.

Before MURRAH, Chief Judge, and BRATTON and HILL, Circuit Judges.

BRATTON, Circuit Judge.

This is an action instituted in the District Court of Bernalillo County, New Mexico, by Eusebio Chacon, a citizen of New Mexico, against The Atchison, Topeka & Santa Fe Railway Company, a corporation organized under the laws of Kansas, to recover damages for personal injuries. The action was removed to the United States Court for New Mexico on the ground of diversity of citizenship with the requisite amount in controversy. A motion to remand was filed on the ground that the cause of action pleaded in the complaint was one under the Federal Employers' Liability Act, as amended, 45 U.S.C. § 51 et seq., sometimes hereinafter referred to as the act, and therefore was not subject to removal. The motion was denied. After removal, a motion to dismiss was filed on the ground that at the time of the alleged injury plaintiff was an employee of The Santa Fe Trail Transportation Company, a corporation organized under the laws of Kansas. The action was dismissed, and the proceeding is here on appeal from the dismissal.

■■ Error is predicated upon the denial of the motion to remand the case to the state court. Section 6 of the Federal Employers' Liability Act, as amended in 1910, 36 Stat. 291, 45 U.S.C. § 56, vests in the proper district court of a state jurisdiction concurrent with that of a district court of the United States in an action brought for the recovery of damages under the act. It is provided by statute that a civil action in a state court against a railroad company to recover under the act, may not be removed to a United States Court. 28 U.S.C. § 1445. In view of the grant of jurisdiction contained in one of these statutes and the negation of removability in the other, it is settled law that a civil action brought in a state court of competent jurisdiction against a railroad company subject to the act to recover damages for personal injuries is not open to removal to the district court of the United States solely on the ground of diversity of citizenship. Kansas City Southern Railway Co. v. Leslie, 238 U. S. 599, 35 S.Ct. 844, 59 L.Ed. 1478; Southern Railway Co. v. Lloyd, 239 U.S. 496, 36 S.Ct. 210, 60 L.Ed. 402; Great Northern Railway Co. v. Alexander, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713. And in the absence of any issue of a fraudulent attempt to evade removal, the question whether an action instituted in the state court is one under the act is to be determined by reference to the allegations contained in complaint or petition, as the case may be. Great Northern Railway Co. v. Alexander, supra; Boyle v. Chicago, Rock Island & Pacific Railway Co., 8 Cir., 42 F.2d 633; Flas v. Illinois Central Railroad Co., 8 Cir., 229 F. 319; Givens v. Wight, 5 Cir., 247 F. 233.

■ The complaint in this case designated the railroad company as the defendant. It was alleged in the complaint that the railroad company was a common carrier by railroad engaged in interstate commerce. It was further alleged that as an integral part of its railroad system and in furtherance of its interstate commerce by rail as covered by the act, the railroad company owned and controlled the Santa Fe Trail Transportation Company, a corporation, and through such wholly owned subsidiary, the railroad employed plaintiff and others similarly situated. It was further alleged that at the time plaintiff sustained his injuries, the railroad company, under its arrangement with the trail

transporation company, was engaged in interstate commerce; and that plaintiff as such employee was engaged in performing work in furtherance of interstate commerce. It was further alleged that the duties plaintiff was discharging were in the furtherance of interstate commerce and closely and substantially affected such commerce, as defined in the act. It was further alleged that by reason of such facts, plaintiff was entitled to and did embrace all the benefits of the act. It was further alleged that while plaintiff was employed and working under the circumstances pleaded, he was called upon to unload some freight from a truck. It was further pleaded that although the defendant knew or should have known that plaintiff had insufficient help, it nevertheless failed to furnish him sufficient help. And the prayer was for damages in a specified sum, less such set off as the defendant was entitled to by virtue of the act, and "for such other and further relief as Title 45, § 51 U.S.C.A. may afford him in the premises and for court costs." When the complaint is viewed as a whole, it is clear that plaintiff sought to recover under the provisions of the act, and that he selected the state court as the forum of his choice. It is also clear that plaintiff sought to invoke the instrumentality rule between parent and wholly owned subsidiary corporations which in some circumstances renders the parent liable for the obligations of the subsidiary. It may be that the rule has no appropriate application in the case and for that reason plaintiff cannot recover from the railroad company. But we do not explore that question. Even though that may or may not be the ultimate outcome, it does not take the case outside the sweep of the forbidding negation against removal contained in 28 U.S.C.A. § 1445. The court should have granted the motion to remand and should have taken no action on the motion to dismiss.

The judgment dismissing the action is vacated, and the cause is remanded with directions to remand it to the state court.