Mrs. Ruby L. PORTER, Administratrix of the Estate of James A. Porter, Deceased, Appellant,

v.

ST. LOUIS–SAN FRANCISCO RAIL-WAY COMPANY, Appellee.

No. 21949.

United States Court of Appeals Fifth Circuit.

Jan. 14, 1966.

fendant St. Louis-San Francisco Railway Company, hereinafter referred to as "Frisco". The complaint was filed by Mrs. Ruby L. Porter, Administratrix of the estate of her late husband, James A. Porter, deceased, hereinafter referred to as "Porter".

The complaint alleges that Porter was fatally injured on or about the ninth day of September, 1961, while performing his duties as a switchman employee of the Union Railway Company, hereinafter referred to as "Union" by reason of the negligence of the Frisco while Porter was in the performance of his duties in the interchange of railroad cars from the Union to the Frisco and while operating over the Frisco tracks in the yards of the Frisco in the City of Memphis, Tennessee. The complaint further alleges that Porter was performing work and service for the use and benefit of the Frisco in the interchange of the aforesaid cars and that decedent, while operating over the tracks of the Frisco, was under the operation, supervision and control of the Frisco and alleges that the Frisco is answerable to the plaintiff in damages resulting from the death of Porter which was a proximate result or which was the contributory proximate result of the negligence of the Frisco in causing Porter to be crushed and mangled between the wheels of freight cars after being knocked from the top of said cars by reason of the train upon which he was riding, colliding with a freight car which was sitting in the darkness on defendant Frisco's McLemore No. 1 track.

Plaintiff brought her cause of action against the defendant Frisco alleging that the Federal Employers' Liability Act was the applicable law, basing the state court's jurisdiction thereon and seeking recovery against the defendant Frisco for alleged negligence of said defendant through its officers, agents or employees for allegedly giving misleading information to Porter and/or other members of his crew as to the location of the aforesaid freight car on Frisco's tracks.

Bramlett Roberts, Oxford, Miss., Wallace W. Ramsey, William Ramsey, Vicksburg, Miss., for appellant.

D. W. Houston, Jr., Aberdeen, Miss., C. R. Bolton, Tupelo, Miss., for appellee.

Before JONES and THORNBERRY, Circuit Judges, and SLOAN, Senior District Judge.

SLOAN, Senior District Judge:

The complaint in this case was originally filed in the circuit court of Marshall County, Mississippi, against the de-

On November 15, 1962, defendant Frisco, through its attorneys, filed in the United States Court for the Western Division of the Northern District of Mississippi a petition for removal of said cause to said United States District Court. Thereafter plaintiff filed a timely motion to remand said cause to the circuit court of Marshall County, Mississippi. This motion to remand was filed on or about the 19th day of December, 1962, with supporting briefs and affidavits. On February 2, 1963, the defendant, through its attorneys, filed its reply brief.

On the 6th day of March, 1963, the district judge entered a memorandum opinion and order overruling plaintiff's motion to remand.

The case came on for hearing on the merits in the United States District Court for the Northern District of Mississippi at Oxford, Mississippi, on the 20th day of July, 1964, and a jury was duly empanelled. After the jury was empanelled counsel for defendant objected to the argument on the ground that the Court had already ruled on the plaintiff's motion to remand, holding that plaintiff's intestate was not an employee of the defendant as contemplated by § 51 of the Federal Employers' Liability Act and that for that reason the trial could not proceed and evidence be produced under the Federal Employers' Liability Act and that the only right plaintiff-appellant had, if any, was to proceed under the common law of the State of Tennessee. This motion or objection was sustained by the Court.

Thereafter the Court permitted plaintiff's counsel to dictate into the record (out of the jury's presence) what each of plaintiff's witnesses would testify to, together with documents relating to the exercise of supervision, direction and control of defendant railroad over Union Railroad Company crews, including plaintiff's intestate, while working on tracks belonging to the defendant railroad company and relative to the various charges made by Union Railway Company to defendant railroad for the de-livery to defendant railroad of cars by Union Railway Company.

■ The order of the district court overruling the motion to remand is not in any way effected by what occurred or the evidence adduced at the trial on July 20, 1964. Great Northern Ry. Co. v. Alexander, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713.

The questions to be decided on this appeal are:

1. Did the court err in refusing to remand the cause to the state court? If not, then:

2. Did the court err in entering a summary judgment in favor of the defendant?

The defendant in its motion to remove the case states:

"1. That this cause was commenced in the circuit court of Marshall County, Mississippi, and was brought under the Federal Employers Liability Act, § 51–56 inclusive, Title 45, U.S.C.A., but the declaration shows on its face and from the facts stated therein that this cause is not covered by the Federal Employers Liability Act.

"The defendant bases its claim for federal jurisdiction on diversity and contends that under the facts stated in the declaration the relation of employee and employer did not exist between Porter and the defendant and that the Federal Employers Liability Act did not apply and that the case was properly removed on account of diversity."

Defendant in its brief here states:

"The determination of whether or not the case is governed by the Federal Employers Liability Act and therefore not removable depends upon the sole question of whether or not the deceased was at the time of the injury employed by the defendant. If he was so employed the case was not removable and if he was not so employed the case was removable as an action between citizens of different states. This is to be deter-

mined by the allegations of the complaint. In paragraph six of the complaint it is charged that Porter was an employee of the Union Railway Company and no where is it charged in the complaint that he was employed by the defendant Frisco railroad."

■ Of course it is recognized that whether the action is removable is determined from the complaint, or on the plaintiff's voluntary amendments, in the absence of fraud. Southern Railway v. Lloyd, 239 U.S. 496, 36 S.Ct. 210, 60 L.Ed. 402; Great Northern Ry. Co. v. Alexander, supra.

■ Notice pleading under the Federal Rules of Civil Procedure is applicable to the pleadings in this case.

■ The allegations that Porter was an employee of Union does not preclude plaintiff from showing, if she can, that under the circumstances that existed at the time of the injury Porter was an employee of Frisco within the meaning of that term as it is used in the Federal Employers' Liability Act.

"Under some circumstances a person may be the servant of two masters at the same time; and the general servant of one master may, with his consent, be lent to another person and become his servant with respect to a particular transaction or piece of work." 56 C.J.S. Master & Servant § 2d (2), p. 37.

Carriers Insurance Exchange v. Truck Insurance Exchange, (D.C.Va.) 203 F.Supp. 764, 768, affirmed, 4 Cir., 310 F.2d 653.

"An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods, without being subject to the control of his employer except as to the result of his work; an independent contractor is not a servant, and there is no master and servant relation between his servants and the employer or contractee." 56 C.J.S. Master & Servant § 3(1), p. 41.

"The essential characteristic of the master and servant relation is the retention by the employer of the right to direct and control the manner in which the work shall be performed, the right to determine not merely the result but the methods and means by which such result is to be accomplished." 56 C.J.S. Master & Servant § 2d (1), p. 33.

That a servant of one master may under some circumstances be the servant of two masters at the same time is recognized in Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916; Linstead v. Ches. & Ohio Ry., 276 U.S. 28, 48 S.Ct. 241, 72 L.Ed. 453; Brailey v. Baltimore and Ohio Railroad, D.C., 151 F.Supp. 431; Oliver v. Northern Pac. Ry. Co., (D.C.E.Wash.1912) 196 F. 432.

■ In construing the complaint where it is attacked for insufficiency it will be construed as in motions to dismiss for failure to state a claim where in appraising the sufficiency of a complaint the accepted rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. Conely v. Gibson, 355 U.S. 41 at pp. 45, 46, 78 S.Ct. 99, 2 L.Ed.2d 80; De Loach v. Crowley's, Inc., 5 Cir., 128 F.2d 378, 380.

■ The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the rules require is a "short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Such simplified "notice pleading" is made possible by the liberal opportunities for discovery and other pretrial procedures established by the rules.

■ The complaint here meets that requirement.

Here the plaintiff alleges that she is entitled to recover under the provisions of the Federal Employers' Liability Act

and though sufficient facts—evidence—may not be stated in the complaint, the complaint is sufficient if the plaintiff can present proof at the trial of facts and circumstances showing that Porter was an employee of Frisco at the time of the injury.

A civil action in any state court against a railroad or its receivers or trustees arising under § 56–60 of Title 45 may not be removed to any district court of the United States. 28 U.S.C.A. § 1445.

In an action brought under the Federal Employers' Liability Act the defendant railroad sought removal and on the motion to remand the court said:

"By the federal act jurisdiction to adjudicate causes of action arising thereunder is conferred upon the state courts concurrently with the federal courts, and the defendant is denied the right of removal from one to the other. In good faith the plaintiff here went into the state court, unequivocally declaring that she sought a recovery under the act. It may be a fair question whether in her pleading she states facts sufficient to entitle her to recover, but, having the right to select the tribunal to which she would submit her claim, she should have this question, as well as all others, decided by the court whose jurisdiction she has invoked." Smith v. Camas Prarie Ry. Co., (D.C.Idaho, 1914) 216 F. 799, 801.

Here the plaintiff chose the forum to whom she wished to present her case, as she had a right to do, and under the circumstances here the district court erred in denying the plaintiff's motion to remand. Further proceedings in the district court thereafter were not proper and were without force or effect.

The judgment of the district court refusing to remand the case to the circuit court of Marshall County, Mississippi, is reversed with direction that the cause be remanded.