**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

Nos. 92-2219
& 92-2511

SHERRY LACKEY, WILLIAM DAUGHTRY, JR., and THE ESTATE OF WILLIAM
DAUGHTRY, SR., by and through the ADMINISTRATOR THOMAS HENDERSON,

Plaintiffs-Appellants,

VERSUS

ATLANTIC RICHFIELD COMPANY, ARCO OIL & GAS CORPORATION, ATLANTIC
RICHFIELD INDONESIA, INCORPORATED McDERMOTT,
INCORPORATED AND P.T. LEKOM MARAS,

Defendants-Appellees.

Appeals from the United States District Court
for the Southern District of Texas

(ON PETITION FOR REHEARING)

(Opinion January 29, 1993, 5th Cir., _____F.2d_____)

(April 26, 1993)

Before REYNALDO G. GARZA, HIGGINBOTHAM, AND EMILIO M. GARZA,
Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

We hereby deny petitioners' motion for rehearing.  However,
due to some concerns that have been expressed, we withdraw our
prior opinion issued in this case, which was reported at *Lackey
v. Atlantic Richfield*, Nos. 92-2219, 92-2511, slip. op. 2479 (5th
Cir. Jan. 29, 1993).  We now substitute the following opinion in
its place.

Plaintiffs-appellants brought suit in state court alleging

violations of the Jones Act, maritime law, and Texas law. The defendants-appellees removed the case to federal court. Once in federal court, the plaintiffs moved for the case to be remanded back to state court on the ground that it was an unremovable Jones Act case. The district court denied the plaintiffs request and then granted summary judgment for the defendants on the merits. We find that the district court improperly retained jurisdiction over the case because Jones Act claims are non-removable. Therefore, we REVERSE and REMAND to the district court with directions that the entire case should in turn be remanded back to state court.

## I. FACTS

This case arises out of the death of William Daughtry, Sr. ("Daughtry"). Daughtry died of heart attack aboard a derrick barge in Indonesian waters. Allegedly, Daughtry had been working continuously for a period of thirty two hours prior to his death.

Daughtry was hired by Lekom Maras ("Lekom") to work as an inspector. At the time of his death, Daughtry was aboard the DB-26, which was owned by Hydro Marine Services. Hydro contracted the barge to another entity, who in turn chartered the barge to P.T. McDermott Indonesia. At the time of Daughtry's death the barge was operated by McDermott Indonesia.

The contractual agreement between Daughtry and Lekom was executed in Indonesia. It contemplated that Daughtry would work

2

aboard the DB-26 on projects contracted by ARCO and ARII.[1]  The
substance of Daughtry's allegations are that he was forced to
work excessive hours, which caused his heart attack.  Further,
Daughtry has named numerous corporate defendants in the action
contending that he was a "borrowed servant."

## II. PROCEEDINGS

In September of 1991, appellants brought suit against Lekom
and four other corporations.  The four corporations named in the
original complaint were ARCO, ARII, AROG,[2] and McDermott
Incorporated (the parent).[3]  Subsequently, appellants named
McDermott Indonesia in their amended complaint.[4]  Two suits were
originally commenced in state court alleging claims under the
Jones Act, maritime law, and Texas law.  The suits were brought
by both of the decedent's children Sherry Lackey and William
Daughtry, Jr.  The two suits were then removed to federal court
and  consolidated.

On November 26, 1991, the district court notified the
parties that a Rule 16 hearing would be held on December 9, 1991.
The plaintiffs made a motion to remand the case back to state
court at the December 9th hearing.  The plaintiffs contended that

---

[1]  ARII is Atlantic Richfield Indonesia, Inc.

[2]  AROG is Atlantic Richfield Oil & Gas.

[3]  In an amended complaint filed after consolidation the plaintiffs dropped AROG and named McDermott Indonesia.

[4]  McDermott Indonesia and Lekom were never served and therefore they never entered appearances.

3

the Jones Act precluded the original removal from state court. *See* 28 U.S.C. § 1445(a). Judge Hughes denied the plaintiffs' request for remand.[5] During the course of the hearing Judge Hughes took the plaintiffs to task for naming AROG, McDermott (the parent), and ARCO. The plaintiffs argued that they were going to pursue a "borrowed servant theory."

It was at the December 9th hearing that Judge Hughes told the plaintiffs that he would give them until December 20th to amend the complaint, which they failed to do. Further, he told them "the hypothetical possibility that ARCO . . . might have done something that showed they exercised control over somebody that might have been an employer is not enough to keep them in the lawsuit. But on January 10th I will take up that question of who to eliminate and who to keep in . . . ."

The plaintiffs failed to circulate their amended complaint until January 13, 1992, the day of the second hearing. In their amended complaint, the plaintiffs dropped AROG and added McDermott Indonesia. At the hearing Judge Hughes reprimanded the plaintiffs because of their dilatory circulation of the amended complaint. The plaintiffs had said at the first hearing that they were going to contact the decedent's coworkers in order to ascertain information they needed to support their borrowed servant theory. The court then dismissed the claims against ARCO

---

[5] Judge Hughes stated:
I am going to deny the motion to remand . . . but at the moment we need to perceive the substance of the claims against the people who are properly here.

4

and McDermott because the plaintiffs had failed to adequately support their borrowed servant theory. The final order dismissing plaintiffs' motion to set aside the judgment was entered on March 2, 1992.

Subsequently, the plaintiffs filed this appeal. On March 5, 1992 they filed their original notice of appeal. The plaintiffs headed their appeal with the two styles from each of the cases that were consolidated. In the first style they named "Sherry Lackey et. al." as the plaintiff, and in the second they named "William Daughtery" [sic] as the plaintiff. In each style the plaintiffs named "Atlantic Richfield et. al." as the defendants. Further, in the body of the notice of appeal it stated that "plaintiffs" were appealing.

On April 8, 1992, The Fifth Circuit directed the parties to brief whether or not the plaintiffs had perfected an appeal. On April 14, 1992, the plaintiffs responded with a Fed. R. App. P. 4(a)(5) motion seeking to correct their original notice of appeal. The defendants objected, contending that the plaintiffs had failed to demonstrate excusable neglect. Eventually, on May 28, 1992, the district court granted the plaintiffs' 4(a)(5) motion.

### III. DISCUSSION

On appeal, the plaintiffs-appellants contend that the case is a non-removable Jones Act case. Therefore, the removal from state court was improper, the district court's retention of the case was improper and, thus, all of the actions taken by the

5

district court were a nullity.  The defendants counter-argue that

the notice of appeal did not properly invoke appellate

jurisdiction because: (i) all of the parties were not named in

the original notice of appeal; and (ii) the district court abused

its discretion by allowing appellants to amend their notice of

appeal without sufficiently showing excusable neglect.  Although,

there were other points of error raised on appeal, because each

of these issues are dispositive we need not pursue those

additional points.[6]

 *Whether the notice of appeal is sufficient to invoke appellate*

*jurisdiction?*

     The defendants argue that the original notice of appeal did

not sufficiently invoke appellate jurisdiction because: (i)  it

failed to list all of the appealing parties individually in the

original notice of appeal;[7] and (ii) the district court abused

its discretion when it allowed the appellants to file an amended

notice of appeal.  The plaintiffs counter, arguing that: (i) the

original notice of appeal was sufficient to invoke appellate

jurisdiction because both parties were named; and (ii) the

district court properly granted the extension to file an amended

notice of appeal.  We find that the trial judge did not abuse his

---

[6] The appellants raise subtantive contentions that go to the merits of the summary judgment; however, we need not address the merits of the summary judgment because we find that the district court did not have jurisdiction to entertain these claims.

[7] The defendants contend that Sherry Lackey is the only party entitled to appellate jurisdiction because she is the only party named in the notice of appeal.  While William Daughtery [sic] is named on the notice of appeal his name is misspelled and  it does not specify whether he is Jr. or Sr.

discretion in granting an extension to the appellants, allowing them to file an amended notice of appeal; therefore, we properly have jurisdiction over all of the parties herein.

The failure of the appellants to list the parties individually in their original notice of appeal was undeniably insufficient.  *See Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 314, 108 S. Ct. 2405, 2407 (1988).  In *Torres* the plaintiffs named fifteen out of sixteen plaintiffs, but omitted the sixteenth party by clerical error.  *Id*. at 317; 108 S. Ct. at 2409. The Supreme Court held that the failure to name the 16th party was insufficient to invoke appellate jurisdiction as to that party.  *Id.*

The plaintiffs in *Torres* also attempted to argue that the designation of "et. al." remedied their omission.  *Id*. at 317-18; 108 S. Ct. at 2409. The court flatly rejected this contention noting that the phrase "et. al." does not provide the requisite notice required by Fed. R. App. P. Rule 3(c).  *Id.; see also Delancey v. State Farm Mut. Auto. Ins.*, 918 F.2d 491, 493 (5th Cir. 1990) (use of "et. al." insufficient); *Morales v. Pan Am. Life Ins. Co.*, 914 F.2d 83, 85 (5th Cir. 1990) (same).  Further, extensive authority exists for the proposition that naming "plaintiffs" in the body of a notice of appeal is insufficient. *See, e.g., Samaad v. City of Dallas*, 922 F.2d 216, 219 (5th Cir. 1991).

The defendants seem to argue that failure to name the defendants individually also precludes appellate jurisdiction as

7

to them.  This argument is entirely incorrect because only appealing parties must be listed individually.  *See* Fed. R. App. P. 3(c) (the notice of appeal need only "specify the party or parties taking appeal")

The defendants then contend that the Rule 4(a)(5) motion, which permitted the plaintiffs an extension to file an amended notice of appeal,  was improvidently granted  because the plaintiffs did not establish excusable neglect.  We will not disturb the district court's decision to grant a Rule 4(a)(5) motion unless there has been an abuse of discretion.  *See, e.g., Matter of Missionary Baptist Found. of Am.*, 792 F.2d 502, 507 (5th Cir. 1986).

The defendants argue that the district court abused its discretion because the plaintiffs do not point to any excusable neglect, other than inadvertence, and the case law requires something more.  The plaintiffs did file a timely notice of appeal in this case.  Although, the original notice of appeal was insufficient to invoke appellate jurisdiction they sought to remedy that defect via the Rule 4(a)(5) motion.  The district judge could have properly found that the defendants were not prejudiced by the extension because they were already on notice, within the prescribed time period, that the plaintiffs were waging an appeal.  Furthermore, the Rule 4(a)(5) motion was not made long after the original defective notice of appeal was filed.  We cannot conclude that the district judge abused his discretion and, thus, all of the plaintiffs are properly before

8

us.

*Did the district court err in retaining this case because it was improperly removed from state court?*

The appellants-plaintiffs contend that the case should not have been removed from state court because it was a Jones Act case. It is axiomatic that Jones Act suits may not be removed from state court because 46 U.S.C. § 688 (the Jones Act) incorporates the general provisions of the Federal Employer's Liability Act, including 28 U.S.C. § 1445(a), which in turn bars removal. See, e.g., Lirette v. N.L. Sperry Sun, Inc., 820 F.2d 116, 117 (5th Cir. 1987)(en banc)("Lirette II"); Addison v. Gulf Coast Contracting Servs., Inc., 744 F.2d 494, 498 n.3 (5th Cir. 1984). Further, in determining whether a Jones Act claim has been alleged our inquiry is usually limited to a review of the plaintiffs' pleadings. See Addison, 744 F.2d at 498; Preston v. Grant Advertising, Inc., 375 F.2d 439, 440 (1967)(per curiam).

That limitation on the scope of the inquiry, however, exists only "in the absence of any issue of a fraudulent attempt to evade removal." Preston, 375 F.2d at 440. Long before Preston, it was settled that district courts may look beyond plaintiffs' pleadings in order to determine whether a FELA claim had been fraudulently asserted. See e.g., Boyle v. Chicago, R.I. & P. Ry., 42 F.2d 633, 634-35 (8th Cir. 1930); Farmers' Bank & Trust Co. v. Atchison, T. & S.F. Ry., 25 F.2d 23, 27 (8th Cir. 1928). Preston echoed the FELA rule that removability is determined from the face of the complaint "in the absence of fraud." See Porter

9

v. St. Louis-San Francisco Ry., 354 F.2d 840, 843 (5th Cir. 1966); Chacon v. Atchison, T. & S.F. Ry., 320 F.2d 331, 332 (10th Cir. 1963).

Thus, while federal courts ordinarily look only to the plaintiffs' pleadings in determining whether a Jones Act claim has been stated, defendants may pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal. The fact that Jones Act claims are ordinarily not removable does not prevent this inquiry. Lawsuits in which non-diverse defendants have been joined are ordinarily non-removable as well. Nonetheless defendants are permitted to demonstrate that parties--or claims--are baseless in law and in fact and "serve[] only to frustrate federal jurisdiction." Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964).

This right, however, exists in tension with the Jones Act plaintiff's right to choose a state court forum. Defendants may abuse the assertion of fraud in the hope of achieving a federal adjudication of the merits of a disputable Jones Act claim. For that reason, "the mere assertion of fraud is not sufficient to warrant removing the case to federal court." Yawn v. Southern Ry., 591 F.2d 312, 316 (5th Cir. 1979)(FELA case). Defendants must prove that the allegations of the complaint were fraudulently made, and any doubts should be resolved in favor of the plaintiff. Id. As in fraudulent joinder cases, defendants' burden of persuasion is a heavy one. The district court must resolve disputed questions of fact from the pleadings and

10

affidavits in favor of the plaintiff.  See B., Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir. 1981).  The removing party must show that there is no possibility that plaintiff would be able to establish a cause of action.  Id.

The defendants here contended that plaintiffs fraudulently asserted a Jones Act claim.  Defendants came forward with affidavits establishing that Daughtry Sr. was hired by Lekom and was not on any of their payrolls.  In their amended complaint, plaintiffs' allege that Daughtry Sr. was a borrowed servant of defendants, subjecting them to liability under the Jones Act.  As amended, plaintiffs' complaint sets forth that:  (i) Daughtry Sr. was a seaman; (ii) Daughtry Sr. was injured in the course and scope of his employment in violation of the Jones Act; and (iii) Daughtry Sr. was a borrowed servant of the defendants.  These allegations suffice to state a Jones Act claim.  See Addison, 744 F.2d at 498-99; see also Porter, 354 F.2d at 843.

In Porter, the court remanded a FELA claim based upon a borrowed servant theory.  Defendant Frisco maintained that because plaintiff's complaint admitted his employment by Union, it failed to state a claim against Frisco.[8]  The court rejected this contention.  In this case, defendants similarly attack the Jones Act claim by demonstrating that Daughtry Sr. was employed by Lekom.  We are not persuaded, however, that defendants' affidavits establish beyond dispute that no borrowed servant

---

[8]Frisco maintained that the complaint failed to state a FELA claim and did not assert fraudulent pleading.

11

employment relationship existed. Their evidence did not disprove plaintiffs' theory of liability.

The fraudulent pleading inquiry is capable of summary determination. <u>Carriere v. Sears, Roebuck & Co.</u>, 893 F.2d 98, 100 (5th Cir. 100). We established a procedure for doing so in <u>Miller Brewing</u>, 663 F.2d at 549-551. Although plaintiffs "may submit affidavits and deposition transcripts along with the factual allegations in the verified complaint," <u>id.</u> at 549, there is no requirement that they do so. Moreover, this court disapproved attempts to resolve factual disputes "where the disputed factual issues relate to matters of substance." <u>Id.</u> at 551 n.14. "[J]urisdictional inquiry must not subsume substantive determination." <u>Id.</u> at 550. The court must resolve all disputed questions of fact from the pleadings and affidavits in favor of the plaintiff, and then determine whether there could possibly be a valid claim against the defendant in question.

Plaintiffs alleged that Daughtry Sr. was a borrowed servant in the employ of the defendants. Plaintiffs were not required to produce evidence proving that claim at this stage of the litigation. The defendants failed to meet their burden of demonstrating that the allegations were undisputedly false.

### IV.  CONCLUSION

The district court did not abuse its discretion when it granted the plaintiffs an extension to amend their original timely notice of appeal. Thus, we have appellate jurisdiction over all of the plaintiffs. Moreover, defendants have failed to

12

demonstrate that plaintiffs fraudulently pleaded a Jones Act claim. Plaintiffs have sufficiently pleaded a Jones Act claim, therefore this case must be remanded to state court. Therefore, we REVERSE the district court and REMAND to the district court, which should in turn remand the case back to state court where it belongs.