**Ernest POWELL, et al.**

v.

**B.P. CHEMICALS, INC. et al.**

**Civ. A. No. 93–447–B.**

United States District Court,
M.D. Louisiana.

Nov. 15, 1993.

---

Charles R. Moore, Edward J. Walters, Jr., John Chandler Loupe, Moore, Walters & Shoenfelt, Baton Rouge, LA, for Ernest Powell, Cheryl Powell Criss, Ernest Wayne Powell, Dorothy L. Powell, Donald Ray Powell and Beverly Jean Felton.

Felix R. Weill, Watson, Blanche, Wilson & Posner, Baton Rouge, LA, for BP Chemicals American, Inc.

Mary Lynne Friedman, Henri Wolbrette, III, McGlinchey Stafford Lang, New Orleans, LA, for American Cyanamid Co.

Lawrence E. Abbott, Alexander M. McIntyre, Jr., Abbott & Meeks, New Orleans, LA, for E.I. Du Pont.

C. William Bradley, Jr., Dwight C. Paulsen, III, William S. Penick, Richard E. Gruner, Jr., Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, LA, for Monsanto Co.

Jay Morton Jalenak, Jr., Charles S. McCowan, Jr., Bradley Charles Myers, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, LA, for Mobil Corp., Texaco Chemical Co., Texaco Butadiene Co., Neches Gas Distribution Co., Exxon Corp., James A. Dailey, Thomas A. Roy, Sebastian DiPalma, John T. Franques, C. Richard Holshaw and Texaco, Inc.

### RULING ON PLAINTIFFS' MOTION TO REMAND

POLOZOLA, District Judge.

This suit arises out of the alleged exposure to two chemicals, acrylonitrile and butadiene, whose manufacturers are named as defendants, which the plaintiffs allege are linked to plaintiffs' development of prostate cancer.

Plaintiffs, who are domiciliaries of Louisiana, originally filed this suit against defendants[1] in the Nineteenth Judicial District for

---

1. It appears that the Defendant manufacturers have divided themselves into two camps. On one hand, there are the Acrylonitrile Defendants; on the other hand, there are the Butadiene De-

the Parish of East Baton Rouge. Plaintiff, Ernest Powell was exposed to known carcinogenic chemicals while working at Uniroyal Inc. and/or USX, Inc. (referred to collectively as "Uniroyal") from 1965 to 1982. The defendants named in the state court petition are the manufacturers of the chemicals, which are neither incorporated in Louisiana nor have their principal place of business in this state, and various executive officers of Uniroyal. Three of the executive officers are Louisiana domiciliaries. When this suit was filed in state court, the plaintiffs instructed the state court to withhold service on the former officers.

On May 26, 1993, defendants removed this action to this Court. Defendants contend that the officers were fraudulently joined and that the Court has subject matter jurisdiction under of 28 U.S.C. § 1332. Thereafter, plaintiffs filed a motion to remand this action to the state court and for attorney fees for frivolous removal pursuant to 28 U.S.C. § 1447(c). Subsequently, plaintiffs served all of the executive officers. For the reasons which follow, the Court grants plaintiffs' motion to remand.

█ In the Fifth Circuit, claims of fraudulent joinder are disposed of in a summary judgment-like procedure.[2] A court should pierce the pleadings to determine whether, under controlling state law, the nonremoving party has a valid claim against the nondiverse party.[3] The court may consider evidence outside the pleadings such as affidavits and deposition transcripts accompanying the notice of removal or motion to remand as well as factual allegations contained in the verified complaint.[4]

█ The removing party bears the burden of proving fraudulent joinder.[5] It is not within the court's province to attempt to resolve factual disputes where the disputed factual issues relate to matters of substance.[6] The standard is clear: after all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party, the court must determine whether that party has any possibility of recovery against the party whose joinder is questioned.[7] In other words, if there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, there is no fraudulent joinder.[8]

█ The Acrylonitrile defendants initially contended in their opposition memorandum that the plaintiffs had no intention of pursuing their claim against the executive officers who were joined for the sole reason of defeating diversity jurisdiction.[9] In support of this contention, the Acrylonitrile defendants noted that the plaintiffs withheld service on the officers when they filed their petition in state court. In addition, these defendants noted that in eight of the twelve lawsuits related to the exposure of employees to acrylonitrile and butadiene, the former officers of Uniroyal have never been named as parties. The record reveals that all of the former officers domiciled in Louisiana have now been served.[10]

In contrast, the Butadiene defendants argue in their opposition memorandum that there was no evidence to support a claim against the former officers for breaching the duty to maintain a reasonably safe work-

fendants. Since Plaintiffs' motion was responded to separately by each faction, the Court will use these designations when referring to the arguments of the Defendant manufacturers for the sake of clarity.

2. *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.1990).

3. *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir.1992).

4. *Carriere*, 893 F.2d at 100.

5. *Id.*

6. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 208 (5th Cir.1993).

7. *Carriere*, 893 F.2d at 100.

8. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 816 (5th Cir.1993).

9. Acrylonitrile Defs.' Mem. in Opp'n at 2.

10. Thomas A. Roy and Sebastian DiPalma were served on July 26, 1993; James A. Dailey was served on August 20, 1993, after some prodding by an Order of the Court dated August 17, 1993 which threatened the dismissal of Dailey from the lawsuit.

place. It was on this issue the Court ordered the parties to file supplemental memoranda.

■ Under Louisiana law and jurisprudence, a cause of action for latent injuries sustained due to tortious exposures to a substance arises at the time when there are significant and continuous exposures to the substance.[11] Powell contends he was exposed to acrylonitrile and butadiene over a period consisting of approximately thirteen years beginning in 1965.[12] Defendants concede, for purposes of this motion, that a cause of action had arisen in favor of Powell as of 1976.[13] Thus, the law applicable to this controversy is Louisiana law as it existed before 1976.[14]

Section 13 of Title 23 of the Louisiana Revised Statutes, which was enacted in 1936, imposes a statutory duty on employers to provide their employees with a reasonably safe workplace.[15] Prior to October 1, 1976, there was no statutory bar to a suit by an employee against an executive officer of his corporate employer for the recovery of damages based on a breach of this duty.[16] In order to impose liability on an executive officer prior to October 1, 1976, a plaintiff must prove:

1. The principal or employer owes a duty of care to the third person (which in this sense includes a co-employee), breach of which has caused the damage for which recovery is sought.

2. This duty is delegated by the principal or employer to the defendant.

3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances—whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.[17]

Applying the above standard and the standard set forth by the Fifth Circuit in *Carriere*, the Court finds that there is a possibility that the plaintiffs may recover from at least one of the non-diverse officers under the facts alleged because that officer owed a personal duty to Powell to provide him a reasonably safe workplace. In a "1442 deposition" [18] of Uniroyal taken on September 20, 1979 in connection with similar litigation in state court, Benton Leach testified that the responsibility for safe working conditions fell upon three specific offices in the corporate structure of the Scott's Bluff plant—the plant

11. *Cole v. Celotex Corp.*, 599 So.2d 1058, 1066 (La.1992).

12. Pls.' Suppl.Mem. in Supp. at 5.

13. Butadiene Defs.' Suppl.Mem. in Opp'n at n. 7; Acrylonitrile Defs.' Suppl.Mem. in Opp'n at 1.

14. *Cole*, 599 So.2d at 1063.

15. La.R.S. 23:13 (West 1985).

16. *Talluto v. Patchen*, 370 So.2d 618, 620 n. 1 (La.App. 4th Cir.1979).

17. *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La.1973) (citations omitted).

18. That is a deposition of a corporation pursuant to Article 1442 of the Louisiana Code of Civil Procedure which is the state law counterpart of a deposition of an organization pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

manager, the industrial relations manager, and the safety manager.[19] This testimony appears to be quite reliable and accurate and is supported by the testimony of one of the former officers, James A. Dailey.[20]

The non-diverse former officers named in the state court petition who held one of these positions were James A. Dailey and Thomas Roy. Roy did not hold this position prior to October 1, 1976; thus, Louisiana law bars any suit against him alleging the negligent performance of his duties.[21] However, James A. Dailey did hold this office from 1972 until some time in 1978.[22] Therefore, Powell's cause of action against Dailey is not barred under Louisiana law.

In *Cole v. Celotex,* the Louisiana Third Circuit Court of Appeal stated:

> After a careful review of the record, we find that these nine executive officers .... had the ultimate responsibility for insuring that plaintiffs had a reasonably safe place to work. The responsibility of safety at the work place must be that of the top manager, the managers immediately below, the safety department, and the doctors. Therefore, we find the jury did not misapply the law in finding the nine executive officers negligent.[23]

From the depositions submitted, it appears that the industrial relations manager is right below the plant manager in the corporate structure of the Scott's Bluff Plant.[24] This Court, applying Louisiana law and the facts now before it, must conclude that there is a possibility that a reasonable juror could find Dailey liable to the plaintiffs.

The Court will not discuss the evidence adduced by the defendants in opposition to this motion because it is, for the most part, irrelevant under the standards set forth by the Fifth Circuit for analyzing claims of fraudulent joinder. The Court was originally concerned that some of the former officers may not have held positions which imposed on them a personal duty to Powell to provide a safe workplace to Powell prior to October 1, 1976. However, the supplemented record clearly reveals that one non-diverse former officer did hold such a position during the relevant time frame. Therefore, there is no complete diversity between the parties as required under 28 U.S.C. § 1332. Because there is no diversity jurisdiction, this suit is remanded to state court under § 1447(c). The Court also finds that under the facts and circumstances of this case, no sanctions should be imposed on the defendants. Since this suit has been remanded, this Court must reserve to the state court the right to decide the other pending motions.

Therefore:

IT IS ORDERED that the plaintiffs' motion to remand be and it is hereby GRANTED.

Judgment shall be entered remanding this suit to the Nineteenth Judicial Court for the Parish of East Baton Rouge pursuant to 28 U.S.C. § 1447(c).

IT IS FURTHER ORDERED that plaintiffs' request for attorney fees pursuant to 42 U.S.C. § 1447(c) be and it is hereby DENIED.

---

19. Pls.' Ex. 4 at 42.

20. Dep. of James A. Dailey taken in connection with Modesta Webb et al. v. Sohio Chem. Co. et al. on June 26, 1985. The copy of this deposition supplied to the Court did not contain legible page numbers.

21. Dep. of Thomas Roy at p. 5 taken in connection with Modesta Webb et al. v. Sohio Chem. Co. et al.

22. Dep. of James A. Dailey taken in connection with Modesta Webb et al. v. Sohio Chem. Co. et al. on June 26, 1985.

23. *Cole v. Celotex Corp.,* 588 So.2d 376, 383 (La.App. 3rd Cir.1991) *aff'd* 599 So.2d 1058 (La. 1992).

24. Dep. of James A. Dailey taken in connection with Modesta Webb et al. v. Sohio Chem. Com. et al. on June 26, 1985.