Joseph TOUPS, Jr.

v.

**ARCHER–DANIELS–MIDLAND COMPANY, Tulane Fleeting, Inc., and Artco Corporation.**

**Civ. A. No. G–94–247.**

United States District Court, S.D. Texas, Galveston Division.

June 16, 1994.

David A. Bickham, Francis I. Spagnoletti, Spagnoletti & Associates, Houston, TX, for plaintiff.

Edward A. Tucker, Bellaire, TX, for defendants.

## ORDER OF REMAND

KENT, District Judge.

This is a suit brought under the Jones Act and general maritime law to recover for personal injuries suffered by the Plaintiff, Joseph Toups, while aboard a vessel. The Plaintiff is a Louisiana resident, Defendant Tulane Fleeting is a Louisiana corporation, Defendants Archer–Daniels–Midland (ADM) and Artco are Illinois corporations, and the accident occurred on the Mississippi River. The Plaintiff filed suit in the most obvious forum: the state district court for Brazoria County, Texas. ADM[1] removed the case to this Court based on diversity of citizenship.

The most apparent defect in ADM's removal is the axiomatic proposition that Jones Act cases are not removable. 28 U.S.C. § 1445(a) (FELA cases are non-removable); 46 U.S.C.App. § 688 (adopting FELA statutes applicable to seamen); *Addison v. Gulf Coast Contracting Serv., Inc.*, 744 F.2d 494, 498 n. 3 (5th Cir.1984). Attempting to obscure this glaring difficulty, ADM simply throws up a smoke-screen of irrelevant argument over jurisdiction, never addressing its right to removal. Before the Court is the Plaintiff's motion to remand, which is **GRANTED**.[2]

1. As of the time of removal, Defendant Artco had not been served with this lawsuit.

2. Also before the Court are the Defendants' objections to personal jurisdiction and venue. Giv-

*Fraudulent Pleading*

First, ADM argues that the Plaintiff fraudulently asserted a Jones Act claim against ADM, and therefore this claim should be ignored for removal purposes, citing *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202 (5th Cir.1993). In support of this assertion, ADM submitted affidavits, with supporting employment records, stating that Toups was employed by ADM's subsidiary, Defendant Tulane Fleeting, and not by ADM. An employer-employee relationship is, of course, a necessary element of a Jones Act claim. *Volyrakis v. M/V Isabelle*, 668 F.2d 863, 865 (5th Cir.1982). Therefore, argues ADM, the Plaintiff cannot possibly maintain a Jones Act claim against ADM.

This argument, however, utterly ignores the holding and reasoning of the very case cited in support of the fraudulent pleading theory. The *Lackey* court did recognize that defendants could remove a nominal Jones Act case if they could prove that there is no possibility that the plaintiff could establish such a cause of action. 990 F.2d at 207. However, the court also reversed the removal of the particular case at issue because the plaintiff had pled that he was a borrowed servant of the defendants. The law is well-settled that a Jones Act plaintiff can establish the requisite employment relationship by proving that he was the defendants' "borrowed servant"; that is, that the defendants had the power to control, manage and direct the servant in the performance of his work. *Addison*, 744 F.2d at 499. In *Lackey*, although the defendants had established that the plaintiff was not their employee, the court found removal improper because they had failed to address whether or not the plaintiff was their borrowed servant. 990 F.2d at 207–08. The court noted that a plaintiff is not required to present evidence supporting his borrowed servant claim on the motion to remand, and reasoned that a defendant's proof that the plaintiff is not strictly its employee is not sufficient proof to

en the Court's disposition of the remand motion, however, these issues will be left to the state court for resolution.

establish that such a claim is indisputably false. *Id.* at 208.

The pleadings and proof offering in this case are substantively identical to those in *Lackey.* Toups' removal petition alleges that ADM had the right to control and supervise the performance of Toups' work. This is a sufficient allegation to establish the existence of an employment relationship between Toups and ADM on a "borrowed servant" theory. *Addison,* 744 F.2d at 499. Other than denying strict employment, ADM's evidence does not discuss its relationship with Toups at all, or otherwise address the borrowed servant allegation. Accordingly, ADM has failed to establish fraudulent pleading as a clear matter of law, and the case must be remanded. *Lackey,* 990 F.2d at 208.

### Diversity Removal of Jones Act Claim

■ Moreover, even if ADM had conclusively demonstrated that no Jones Act claim could lie against it, removal would still be unavailable.

ADM admits that Defendant Tulane Fleeting was Toups' employer, and that Toups' Jones Act claim against Tulane Fleeting is properly pled. ADM then points out that this Court could nonetheless exercise original jurisdiction over this case because diversity jurisdiction exists between Toups and ADM, and Toups has asserted a federal question against the non-diverse defendant Tulane Fleeting. *Romero v. International Operating Co.,* 358 U.S. 354, 381, 79 S.Ct. 468, 485, 3 L.Ed.2d 368 (1959).

And then ADM's opposition brief simply ends, effectively stating: "QED removal is proper." In fact, however, this argument only leaves open the obvious inquiry: "so what?" Nowhere in its notice of removal or opposition brief does ADM cite a single statutory provision which might even theoretical give rise to a right of removal in this case. Clearly, the simple possibility of original jurisdiction in this Court does not necessarily give rise to removal jurisdiction. Rather, removal is generally allowed by 28 U.S.C. § 1441, which begins: "Except as otherwise expressly provided by Act of Congress...." This statute *would* permit removal of the diversity and Jones Act claims as theorized

by ADM, "*except*" that Congress has specifically provided that Jones Act claims are not removable.

The Court can only imagine what ADM's theory of removal might have been. The only possible exception to the non-removability of Jones Act claims is 28 U.S.C. § 1441(c), which allows the removal of cases with otherwise non-removable claims "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined...." *Eddy v. Inland Bay Drilling & Workover, Inc.,* 784 F.Supp. 370, 372–73 (S.D.Tex.1992) (Kent, J.). However, ADM's theory is that Toups has only a general maritime claim against it, giving rise to § 1332 diversity (*not* § 1331 federal question) jurisdiction. The general maritime claim does not, of course, give rise to federal question jurisdiction. *Romero, supra.* Moreover, even if it did, such a cause of action is not "separate and independent" from the Jones Act claim. *See Addison,* 744 F.2d at 499 (unseaworthiness and maintenance and cure claims are not "separate and independent" from Jones Act claim arising from the same incident).

ADM might also have been vaguely thinking of the proposition that general maritime claims, which are also generally non-removable, can be removed where the diversity removal requirements are otherwise met. *See Poirrier v. Nicklos Drilling Co.,* 648 F.2d 1063, 1066 (5th Cir.1981). That rule, however, applies only because the non-removability of general maritime claims (as' opposed to Jones Act claims) is a result only of the absence of a removal statute for such actions, rather than from a specific prohibition such as § 1445(a).

### Sanctions

■ Accordingly, there is no legal theory which would even arguably allow the removal of this case to federal court. Because ADM did not cite a single statute granting it the right of removal, ADM must have recognized this. Therefore, the Court finds that this removal was patently frivolous and submitted solely to harass, cause unnecessary delay, and needlessly increase the cost of litigation.

This tactic cannot be excused as a justifiable response to the Plaintiff having filed suit

in a hopelessly irrelevant and inconvenient forum in which even the technical proprieties of venue and jurisdiction are highly questionable. Neither the Rules of Procedure nor the ethical cannons of our profession provide an exception to compliance when a party finds the adversary's tactics distasteful. Moreover, this Court will not tolerate the diversion of its attention from legitimate disputes in order to attend the blatantly dilatory and unsubstantiated ploys of a party to a dispute over which this Court cannot possibly exercise jurisdiction. Accordingly, pursuant to 28 U.S.C. § 1447(c) and Rule 11 of the Federal Rules of Civil Procedure, the Court ORDERS Defendant Archer–Daniels–Midland to pay the Plaintiff $1000 for the Plaintiff's reasonable costs and expenses, including attorney's fees, in opposing this removal.

### Conclusion

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED**, and this cause is **ORDERED REMANDED** to the 23rd Judicial District Court of Brazoria County, Texas. Furthermore, Defendant Archer–Daniels–Midland Company is **ORDERED** to pay the Plaintiff, within 10 days of the date of this Order, $1000 for its reasonable fees and expenses incurred in prosecuting this motion. The Court will retain ancillary jurisdiction over this cause to enforce this Order through its contempt power. If the parties can present to the Court compelling and relevant new evidence or legal authority affecting this issue, which they could not through the exercise of due diligence have presented on original submission of this motion, the parties are, of course, invited to bring these to the Court's attention. Otherwise, the parties are further **ORDERED** to file no further pleadings on this issue in this Court, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the state courts of Texas or in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

IT IS SO ORDERED.