**Robert W. HUTTON, Plaintiff,**

**v.**

**CONSOLIDATED GRAIN & BARGE CO., a corporation, and Consolidated Grain and Barge Company at Naples, a corporation, Defendants.**

No. 01–3272.

United States District Court,
C.D. Illinois,
Springfield Division.

Nov. 5, 2001.

Hugh M. Talbert, Alton, IL, for plaintiff.

Gary S. Schwab, Heyl Royster Voelker & Allen, Springfield, IL, Thomas C. Fitzhugh, Matthew H. Ammerman, Fitzhugh & Elliott PC, Houston, TX, Ronald E. Fox, Fox Galvin LLC, St. Louis, MO, for defendant.

### *ORDER*

SCOTT, District Judge.

This matter comes before the Court on plaintiff Robert Hutton's Motion to Remand. The Complaint alleges a nonremovable claim under the Jones Act, 46 App.U.S.C. § 688. Defendants, however, have submitted uncontroverted evidence demonstrating that Hutton would never be entitled to recover under the Jones Act. The Court will therefore disregard the Jones Act claim for purposes of determining removal jurisdiction. Hutton has also alleged a claim under the Longshoreman's and Harbor Workers' Compensation Act(LHWCA), 33 U.S.C. § 905(b), for the same injury. This Court has removal jurisdiction over the LHWCA claim. 28 U.S.C. § 1441(b). The Court therefore DENIES the Motion to Remand. The

Court also directs Hutton to respond to Defendants' pending Motion to Dismiss(d/e 8), which the Court views as a motion for summary judgment because the Defendants rely on matters outside the pleadings.

Hutton filed this action in Illinois Circuit Court for Scott County, Illinois. Hutton alleges in his Complaint that Defendants employed him as a seaman and crew member on a barge that was in navigation on the Illinois River near Naples, Illinois. He alleges he was injured while performing his duty on that vessel. He alleges that he was assisting in the use of a back hoe on the vessel at the time of his injury. Count I of Hutton's Complaint alleges a claim under the Jones Act; Count II alleges a claim under general maritime law; and Count III alleges a claim under the LHWCA.

Defendants removed this action to this Court asserting federal question jurisdiction under the LHWCA claim. Hutton filed his Motion to Remand arguing that the action cannot be removed because he filed a claim under the Jones Act. The Jones Act gives a private cause of action to seamen injured while working on vessels operating in navigable waters. 46 U.S.C. § 688. Jones Act cases filed in state court cannot be removed to federal court. 28 U.S.C. § 1445(a); 46 App.U.S.C. § 688; *Lackey v. Atlantic Richfield Co.,* 990 F.2d 202, 207 (5th Cir.1993).

Defendants argue that Hutton cannot assert a Jones Act claim because he was not a seaman or crew member of a vessel in navigation. Defendants submitted the affidavit of Rick White, the Regional Operations Manager for Defendant Consolidated Grain & Barge Company, Naples, Illinois. White states in his affidavit that Hutton was primarily a land-based maintenance worker. He further states that the back hoe involved in Hutton's injuries is

mounted on a pedestal that is permanently attached to a barge. The barge has been used as a work platform for 15 years prior to Hutton's injuries. The platform was attached to large metal cylindrical sunken pilings at the time of Hutton's injuries. The platform barge and back hoe were used to unload product from other barges that arrived at Defendant Consolidated Grain & Barge Company's (CG & B)facility located along the Illinois River at Naples. At the time of Hutton's injuries, the platform was used exclusively to unload product. In 1997, the barge was occasionally used to perform maintenance on a crane at another loading dock at CG & B's facility.

White states that the work platform barge has no means of self propulsion, no crew quarters, no galley, no navigational equipment. It is not registered with the Coast Guard. He states that the work platform functioned as a dock to support the back hoe used to unload product. White states that the barge was not used to transport anything on the river. White attached a picture of the platform barge to his affidavit. The picture shows a large, pedestal mounted back hoe on a barge moored to a large piling.

■■ A case may only be removed from state court to this Court if the Complaint states a claim that is within this Court's removal jurisdiction. *Gossmeyer v. McDonald,* 128 F.3d 481, 487–88 (7th Cir.1997). Hutton alleges a Jones Act claim which is not removable. When a plaintiff has alleged a claim that is not removable pursuant to 28 U.S.C.

§ 1445(a), the Court can look beyond the pleadings to determine whether plaintiff has any chance of prevailing on the nonremovable claim. If the plaintiff cannot under any circumstances prevail, then the nonremovable claim is said to be "fraudulent", and the Court can ignore the nonremovable claim for determining removal jurisdiction. *Lackey v. Atlantic Richfield Co.,* 990 F.2d 202, 207 (5th Cir.1993); *Boyle v. Chicago R.I. & P. Ry.,* 42 F.2d 633, 634–35 (8th Cir.1930). *See Chacon v. Atchison, T. & S.F. Ry.,* 320 F.2d 331, 332 (10th Cir.1963).

The Jones Act authorizes seamen who suffer personal injuries in the course of their employment to maintain an action for damages against their employers. 46 App. U.S.C. § 688. To maintain an action under the Jones Act the plaintiff, "must have a substantial employment-related connection to a *vessel in navigation.*" *Chandris, Inc. v. Latsis,* 515 U.S. 347, 373, 115 S.Ct. 2172, 132 L.Ed.2d 314 (1995)(emphasis in the original). The vessel is "in navigation" if one of its functions is, "the *transportation* of personnel or materials across navigable waters." *Johnson v. John F. Beasley Constr. Co.,* 742 F.2d 1054, 1061 (7th Cir.1984)(emphasis on the original). *See Fields v. Pool Offshore, Inc.,* 182 F.3d 353, 357–58 (5th Cir.1999).[1]

■■ White's affidavit establishes that the barge on which Hutton worked performed no transportation functions. The barge was a dedicated, moored work platform, and had been so for many years. Hutton has presented no contrary evi-

---

1. The Fifth Circuit has developed a three part test for determining whether the vessel served a transportation function: (1) "whether the structure was constructed to serve primarily as a work platform"; (2) "whether or not the structure was moored or otherwise secured at the time of the accident"; and (3) "whether the transportation function of the structure went beyond the theoretical mobility and occasional incidental movement." *Fields,* 182 F.3d at 358. The work platform barge here would not be a vessel in navigation under this test because its transportation function was theoretical at best, and its mobility was only occasional and incidental.

dence. The Court therefore concludes that the barge was not a vessel in navigation, and Hutton cannot prevail on his Jones Act claim. The Court will disregard the Jones Act claim for determining removal jurisdiction. The Court has removal jurisdiction over the LHWCA claim. 28 U.S.C. § 1441(b). The Motion to Remand is therefore denied.

Defendants have also filed a Motion to Dismiss (d/e 8). The Motion relies on matters outside the pleadings. For example, Defendants assert that they secured workers compensation insurance coverage for Hutton as required by the LHWCA. Memorandum in Support of the Motion to Dismiss (d/e 9) at ¶ 3. The Defendants further implicitly rely on White's affidavit as a basis to dismiss Hutton's Jones Act claim. The Court will consider White's affidavit in ruling on the Motion to Dismiss. The Court will, however, view the motion as a motion for summary judgment. *Fed.R.Civ.P.* 12(b)(6) & 56.

Therefore, the Plaintiff's Motion to Remand (d/e 13) is DENIED. Hutton has until November 30, 2001, to respond to Defendants' Motion to Dismiss (d/e 8), now deemed a motion for summary judgment. Defendants have until December 10, 2001, to file any reply.

IT IS THEREFORE SO ORDERED.