United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 3, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-30661
Summary Calendar

———————————

JOHN J. BAILEY; LINDA BAILEY,

Plaintiffs-Appellants,

versus

CIGNA INSURANCE CO.; ET AL.,

Defendants,

CONNECTICUT GENERAL LIFE INSURANCE CO.; CASENEWHOLLAND, INC.;
CNH HEALTH AND WELFARE PLAN,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-1115
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

John and Linda Bailey have appealed the district court's

order dismissing their complaint asserting claims under the

Employment Retirement Income Security Act ("ERISA") against

Connecticut General Life Insurance Company, CaseNewHolland, Inc.,

and CNH Health and Welfare Plan for reimbursement of physical

therapy expenses.  The appellees have moved to dismiss the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal, arguing that the district court abused its discretion in extending the appeal period under FED. R. APP. P. 4(a)(5). Because the district court did not abuse its discretion, the Court DENIES the motion. See Lackey v. Atlantic Richfield Co., 990 F.2d 202, 206 (5th Cir. 1993).

The Baileys contend that the district court erred in granting the motion to dismiss. This Court reviews this question de novo. Brown v. NationsBank Corp., 188 F.3d 579, 585 (5th Cir. 1999). "[I]n deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1017 (5th Cir. 1996). The district court considered two documents which were not attached to or incorporated in the complaint: an Enrollment Guide and a Summary Plan Description. Because the Enrollment Guide and the Summary Plan Description were attached to the defendants' motion to dismiss, were referred to by the Baileys in their complaint, and were central to the Baileys's claim, the district court did not err in considering the documents in ruling on the motion to dismiss. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000).

The Baileys contend that the Enrollment Guide and the Summary Plan Description, which are not consistent with respect to limitations on the number of physical-therapy visits permitted under the plan, both constitute summary plan descriptions. The

Baileys contend that they relied on the Enrollment Guide to their detriment and that the ambiguity between the documents should be resolved in their favor.  See Hansen v. Continental Ins. Co., 940 F.2d 971, 982 (5th Cir. 1991).

"The summary plan description is one of the central ERISA disclosure requirements."  Martinez v. Schlumberger, Ltd., 338 F.3d 407, 411 (5th Cir. 2003).  "[C]lear and unambiguous statements in the summary plan description are binding" on the plan administrator.  McCall v. Burlington Northern/Santa Fe Co., 237 F.3d 506, 511 (5th Cir. 2000).  In Hicks v. Fleming Companies, Inc., 961 F.2d 537, 542 (5th Cir. 1992), this Court adopted a bright-line rule for determining whether a document is a summary plan description.  Citing Hicks, the district court held that the Enrollment Guide was not a summary plan description because it did not conform to ERISA and Department of Labor regulations.  The district court noted that the Enrollment Guide contained none of the information required of a summary plan description by 29 U.S.C. § 1022(b) and 29 C.F.R. § 2520.102-3. The Enrollment Guide did not provide information regarding plan administration, eligibility requirements, circumstances resulting in disqualification or loss of benefits, or procedures for presenting claims.

The Baileys do not explain in their brief why the district court erred in concluding that the Enrollment Guide was not a summary plan description.  Instead, their argument focuses on the

discrepancy between the two documents regarding the number of physical therapy visits permitted under the plan. No error has been shown.

The Baileys contend that they were never provided with a copy of the Summary Plan Description and that they detrimentally relied on the statements in the Enrollment Guide. They contend that plan administrator should be estopped from asserting that number of physical therapy visits is limited. The appellees contend that this issue is not properly before the Court because it is based upon a state-law theory which the district court determined is preempted by ERISA. They contend that the Baileys failed to appeal a prior order disposing of the state law claims. The Baileys do not discuss this argument in their reply brief and do not address the question of preemption. Although they cite Godwin v. Sunlife Assurance Co. of Canada, 980 F.2d 323 (5th Cir. 1992), for the proposition that they were prejudiced by a lack of notice of the coverage limits for physical therapy treatment, Godwin involved the validity of an ERISA plan amendment and there was no plan amendment in this case. See Godwin, 980 F.2d at 328. No error has been shown.

The district court held also that the plan administrator had complied with the Summary Plan Description in refusing to pay for the extended physical therapy visits. The Baileys do not challenge this conclusion on appeal. The Court AFFIRMS the judgment.

AFFIRMED; MOTION DENIED.